# The State *v.* Crenshaw.

*Petition to be registered as Qualified Voter.*

1. *Suffrage clause in new constitution; petition to be registered: right of appeal not given to State.*—Where a male citizen of the State applies to the Board of Registrars to be registered as a qualified elector under the provisions of the suffrage clause of the new constitution, and the board declines and refuses to register him, and thereupon he appeals to the circuit court by filing a petition therein seeking to have his rights as an elector adjudged, and that the registrars be required to register him as a qualified voter, (Const. 1901, § 186, subd. 6), if, upon the hearing of such petition the court, in accordance with the verdict of the jury, renders a judgment declaring that such petitioner is entitled to be registered as a voter, from such judgment the State can not appeal to the Supreme Court for the purpose of having the finding reviewed; such right of appeal not being secured by the constitution.

APPEAL from the Circuit Court of Limestone.

Heard before the Hon. OSCEOLA KYLE.

The appeal in this case is prosecuted from a judgment rendered by the circuit court of Limestone county adjudging and decreeing that the appellee, Peter Crenshaw, was entitled to be registered as a qualified voter and elector of Limestone county. The facts of the case are sufficiently stated in the opinion.

D. C. ALMON, W. T. SANDERS, ERLE PETTUS and H. C. THACH, for the State.

[The State v. Crenshaw.]

W. R. WALKER, *contra.*—The Supreme Court has appellate jurisdiction only, under such restrictions and regulations, not repugnant to the Constitution, as may from time to time be prescribed by law.—Const. 1901, § 140. Only the petitioner can appeal from the verdict of a jury, and the judgment rendered thereon, in a proceeding of the character held in the court below.— Const. 1901, § 186, Subdv. 6. An affirmative description of jurisdiction implies a negation on the exercise of such appellate power as is not comprehended within it. *Durousseau v. United States,* 6 Cranch, 307; *State v. Hewlett,* 124 Ala. 471; *State v. Harold,* 128 Ala. 39; Black on Interpretation of Laws, 24.

HARALSON, J.—The appellee, Peter Crenshaw, on the 10th of December, 1902, filed his petition in the circuit court of Limestone county, addressed to the judge of that court, in which he alleged, that under the revised constitution of the state, of 1901, he was a qualified elector, entitled to vote; that under the provisions of said constitution, he was entitled to register as an elector, and such registration would thereby entitle him to vote during his life; that he resided in precinct No. 1 of said county and state, and under the provisions of the constitution, the Board of Registrars, duly appointed for said county, composed of three persons, whose names were given, held sessions at the court house of the county for the purpose of registering all applicants who were qualified; that during the 3d week, and on the 20th day of November, 1902, when said board was in session, as provided by the constitution, the petitioner made proper legal application to said board, to register as an elector, that said board declined and refused to register the petitioner which was contrary to the provisions of said constitution.

He prayed that a trial be given him in said court; that the question of his right to register as a qualified elector of the state be adjudicated, and for such other and further relief as might be proper.

Motion is here submitted to dismiss this appeal, on the ground, that there is no provision of law for an ap-

peal by the state in such proceedings as this; that this court has no jurisdiction of the appeal, and that under section 186, subdivision 6 of the revised constitution, under which this proceeding was had in the lower court, the right of appeal to the state is prohibited by granting an appeal in express words to the petitioner, and by expressly declaring that final judgment in favor of petitioner shall entitle him to registration as of date of his application.

Subdivision 6 of section 186 of the constitution, provides that, "Any person to whom registration is denied, shall have the right to appeal, without giving security for costs, within thirty days after such denial, by filing a petition in the circuit court or court of like jurisdiction held for the county, in which he seeks to register to have his qualifications as an elector determined. * * * Upon such trial the court shall charge the jury only as to what constituted the qualifications that entitled the applicant to become an elector at the time he applied for registration, and the jury shall determine the right and effect of the evidence and return a verdict. From the judgment rendered an appeal will lie to the Supreme Court *in favor of the petitioner,* [italics ours] to be taken within thirty days. Final judgment in favor of petitioner shall entitle him to registration as of the date of his application to the registrars." The framers of the constitution might well have rested the interest the state had in the matter with the determination of the jury, without an appeal from their finding, and this is indicated in the provision, that, "the jury shall determine the weight and effect of the evidence and return a verdict," and in prohibiting the judge trying the case from charging them, "only as to what constituted the qualifications that entitled the applicant to become an elector at the time he applied for registration." The right of appeal,—not provided for the State,—was properly bestowed on him, and because bestowed on him the same right was not thereby, by implication, bestowed on the state. It is true the framers of the instrument did not declare that in such cases

the appellate power of the court shall not extend to the state, but, as was said by Chief Justice MARSHALL in *Dubrosseau v. United States,* 6 Cranch, 308, s. o. 3. L. ed. 305, "they have described affirmatively its jurisdiction, and this affirmative jurisdiction has been understood to imply a negative on the exercise of such appellate power as is not comprehended within it."    It is added, as to the construction of statutes:  "It was a maxim of the old law  that *causus omissus pro ommiso habendus est,* that is, a cause omitted is to be held as intentionally omitted,     *     *     *    and so, not to have been omitted merely by inadvertence or accident; still the courts are not at liberty to add to the language of the law; and it must be held that the legislature intended to omit the specific case, however improbable that may appear in connection with the general passage of the statute."—Black on Interpretation of Laws, 57; *State v. Hewlett,* 124 Ala. 471. If there were errors committed on the trial against the State, as to these, the State is remediless.   The judgment in favor of the appellant, as the constitution provides, entitles him to registration.

The appeal by the State cannot be maintained under section 12 of the Code, providing that the State may sue in its own name and is entitled to all remedies provided for the enforcement of rights between individuals, etc., since this section applies only where the State is the plaintiff or actor in the proceeding.

From what has appeared, it is obvious that the appeal by the State, is not within the provisions of the Constitution on the subject, and must be dismissed.

Appeal dismissed.