
## JEWELL v. CLEVELAND WRECKING CO. OF CINCINNATI et al.

No. 11674.

Circuit Court of Appeals, Eighth Circuit.

May 8, 1940.

Rehearing Denied May 31, 1940.

Roy W. Rucker, of Kansas City, Mo. (Clif Langsdale, of Kansas City Mo., on the brief), for appellant.

Guy W. Green, Jr., of Kansas City, Mo. (Arthur C. Popham, of Kansas City, Mo., on the brief), for appellees.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment dismissing the plaintiff's (appellant's) suit for want of prosecution, and involves the propriety of an order of the court below denying the plaintiff's motion to remand the case to the Circuit Court of Jackson County, Missouri, in which it was commenced.

The suit is one to recover damages in excess of three thousand dollars for personal injuries alleged in the amended complaint to have been caused by a fall from a step ladder on March 14, 1938, while plaintiff, an employee of the defendant (appellee) Cleveland Wrecking Company, was assisting in the razing of "a building at Ninth Street and Grand Avenue, in Kansas City, Missouri." It is charged in the amended complaint that the accident and plaintiff's resulting injuries were due to the concurrent negligence of the defendants (appellees) in providing plaintiff with a defective ladder and requiring him to use it. Diversity of citizenship does not exist. The defendant Wrecking Company removed the case to the court below. In its petition for removal it stated that the accident occurred and plaintiff's cause of action accrued on the site of the Federal Building in Kansas City, Missouri, which was owned by the United States and was subject to its exclusive jurisdiction and control, and "that said alleged accident occurred on United States property and arose under the laws of the United States, and that said laws of the United States apply exclusively to the controversy between said parties and that therefore said controversy is one of which the District Courts of the United States have original jurisdiction." The plaintiff moved to remand the case. His motion was denied. He refused to proceed further, and the judgment from which he now appeals was entered.

The plaintiff's amended complaint does not disclose that the accident resulting in plaintiff's injuries occurred upon the site of the Federal Building, but, upon

the argument of the motion to remand, it was conceded by the parties that that was the fact and that the site of the building was owned in fee by the United States, and that the State of Missouri had relinquished to the United States all jurisdiction over it, except the right of the State to serve and execute process upon it.

The sole question presented is whether this is a suit which "arises under the Constitution or laws of the United States" and is therefore within the original jurisdiction of the District Courts of the United States by virtue of § 41, Title 28 U.S.C., 28 U.S.C.A. § 41,[1] and for that reason subject to removal under § 71, Title 28 U.S.C., 28 U.S.C.A. § 71.[2]

The court below concluded that the suit was within its jurisdiction upon the ground that the cause of action asserted arose under laws governing territory which was owned by, and was under the exclusive jurisdiction of, the United States, and that the laws governing such territory were of necessity laws of the United States.[3] The court based its conclusion upon the facts stated in the petition for removal and the concessions of the parties made upon the argument of the motion to remand, and did not base it upon the allegations of the plaintiff's amended complaint.

 What counsel and the court below completely overlooked was that, in order to raise the question which was argued and decided, it would have been necessary to amend the amended complaint, upon which jurisdiction depended. The allegations of that complaint, constituting the statement of plaintiff's claim, were all that could be considered in determining whether the case was within the jurisdiction of the District Court and was removable.[4] Since the amended complaint obviously failed to show that the plaintiff's cause of action was based upon any law of the United States, and failed to disclose any dispute or controversy existing between the parties relative to the construction, operation or effect of the Constitution or laws of the United States, the court below was without jurisdiction of the case and should have remanded it.

 The fact that the question of the insufficiency of the amended complaint to show jurisdiction was not presented or argued in the court below, is of no consequence, since it is the duty of this Court to determine questions relating to that court's jurisdiction, whether they are argued or not. Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126; Huffman v. Baldwin, 8 Cir., 82 F.2d 5, 7, and cases cited.

The judgment appealed from is reversed with directions to remand the case to the Circuit Court of Jackson County, Missouri.

---

1 "The district courts shall have original jurisdiction as follows: (1) * * * First. Of all suits of a civil nature, at common law or in equity, * * * between citizens of the same State claiming lands under grants from different States; or, where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and (a) arises under the Constitution or laws of the United States, * * *."

2 "Any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the district courts of the United States are given original jurisdiction, in any State court, may be removed by the defendant or defendants therein to the district court of the United States for the proper district. * * *"

3 D.C., 28 F.Supp. 366.

See and compare James Stewart & Co., Inc. v. Sadrakula, 309 U.S. 94, 60 S.Ct. 431, 84 L.Ed. —.

4 Colorado Central Mining Co. v. Turck, 150 U.S. 138, 14 S.Ct. 35, 37 L.Ed. 1030; Tennessee v. Union and Planters' Bank, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511; Postal Telegraph Cable Co. v. Alabama, 155 U.S. 482, 487, 15 S.Ct. 192, 39 L.Ed. 231; Joy v. St. Louis, 201 U.S. 332, 340, 341, 26 S.Ct. 478, 50 L.Ed. 776; Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152–154, 29 S.Ct. 42, 53 L.Ed. 126; Shulthis v. McDougal, 225 U.S. 561, 32 S.Ct. 704, 56 L.Ed. 1205; The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716; Taylor v. Anderson, 234 U.S. 74, 76, 34 S.Ct. 724, 58 L.Ed. 1218; White v. Sparkill Realty Co., 280 U.S. 500, 512, 50 S.Ct. 186, 74 L.Ed. 578; Gully v. First National Bank, 299 U.S. 109, 112, 113, 57 S.Ct. 96, 81 L.Ed. 70; Bunn on Jurisdiction and Practice of the Courts of the United States, 4th Edition, pages 87–89.