GARDNER et al. v. SCHAFFER et al.

In re G. A. GANTZ & CO.

No. 11957.

Circuit Court of Appeals, Eighth Circuit.

June 25, 1941.

Crawford Johnson, of St. Louis, Mo. (Bryan, Williams, Cave & McPheeters, of St. Louis, Mo., on the brief), for appellants.

Edward W. Tobin, of St. Louis, Mo., for appellee Henry C. Hughes, trustee in bankruptcy of G. A. Gantz & Company.

Roscoe Anderson, W. R. Gilbert, and Anderson, Gilbert, Wolfort, Allen & Bierman, all of St. Louis, Mo., for appellee A. H. Schaffer.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

PER CURIAM.

The appellants brought this action to compel the appellees, who are alleged to be rival claimants to money or securities in appellants' possession, to interplead. Each of the appellees moved to dismiss the appellants' complaint for want of jurisdiction and for failure to state a claim upon which relief could be granted. The motions were granted, and from the ensuing judgment of dismissal, this appeal was taken. The parties will be referred to as plaintiffs and defendants.

The complaint, after asserting that the action "arises under Section 60 of the Bankruptcy Act, as amended," Title 11, § 96, U.S.C.A., alleges that plaintiffs are co-partners doing a brokerage business in St. Louis, Missouri; that on June 27, 1939, G. A. Gantz & Company, a Missouri corporation, which was engaged in the brokerage business in stocks and bonds in St. Louis, had a margin account with plaintiffs in which there was a credit balance of $326.36 together with certain securities described in the complaint; that at the request of Gantz & Company, the plaintiffs on June 27, 1939, issued and delivered their check for $3,520.-24 to that company, payable to the order of "G. A. Gantz & Company, for the account of A. H. Schaffer", and charged it against the account of the company, "so that after the issuance of said check said G. A. Gantz & Company owed said partnership the sum of $3,193.89, secured by the above described securities"; that (on information and belief) Gantz & Company on June 27, 1939, endorsed and delivered the plaintiffs' check to Schaffer, who was a customer of the company; that on June 28, 1939, plaintiffs, upon being advised that a receiver for Gantz & Company had been appointed by a state court of Missouri, stopped payment of the check; that on July 24, 1939, Gantz & Company was adjudicated bankrupt, and on August 24, 1939, Henry C. Hughes was appointed its trustee in bankruptcy; that the trustee claims that on June 27, 1939, Schaffer was a creditor of the bankrupt, that payment of the check to him would constitute an unlawful preference, and that the trustee is entitled to have the plaintiffs credit the amount of the unpaid check to the account of the bankrupt and to have the plaintiffs turn over to the trustee, free of liens, the securities held by the plaintiffs for the account of the bankrupt; that Schaffer denies that he was a creditor of the bankrupt with respect to the amount represented by the check, and denies that the payment to him of the check would constitute an unlawful preference; that he claims to be entitled to payment of

the check, and demands that plaintiffs pay the amount of the check to him.

The plaintiffs ask that the court require the defendants to interplead and settle between themselves their rights, if any, to the money due under the check; that if Schaffer be determined to be entitled to the proceeds of the check, plaintiffs be decreed to have a lien in the amount of $3,193.89 upon the securities described in the complaint; that if Schaffer be determined not to be entitled to the proceeds of the check, he be required to surrender the check to the plaintiffs for cancellation; that during the pendency of the action he be enjoined from endorsing or transferring the check or from enforcing its collection; that the trustee in bankruptcy of Gantz & Company also be enjoined from instituting proceedings to recover the securities held by plaintiffs as security for their outstanding check; and that plaintiffs be discharged from all liability except to the person the court shall adjudge to be entitled to the proceeds of the check or to the delivery of the securities.

■ It is obvious that the court below was without jurisdiction under the Federal Interpleader Act, 28 U.S.C.A. § 41(26), since there is no diversity of citizenship. The plaintiffs, however, claim that the court had jurisdiction because the action is one which "arises under the Constitution or laws of the United States", Title 28, § 41 (1), U.S.C.A., and the matter in controversy exceeds $3,000. In this we think they are mistaken.

■■ "How and when a case arises 'under the Constitution or laws of the United States' has been much considered in the books. Some tests are well established. To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. Starin v. New York, 115 U.S. 248, 257, 6 S.Ct. 28, 29 L.Ed. 388; First National Bank v. Williams, 252 U.S. 504, 512, 40 S.Ct. 372, 374, 64 L.Ed. 690. The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. Id.; King v. Seattle School District, 263 U.S. 361, 363, 364, 44 S.Ct. 127, 128, 68 L.Ed. 339. A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto (New Orleans v. Benjamin, 153 U.S. 411, 424, 14 S.Ct. 905, 38 L.Ed. 764; Defiance Water Co. v. Defiance, 191 U.S. 184, 191, 24 S.Ct. 63, 48 L.Ed. 140; Joy v. St. Louis, 201 U.S. 332, 26 S.Ct. 478, 50 L.Ed. 776; City and County of Denver v. New York Trust Co., 229 U.S. 123, 133, 33 S.Ct. 657, 57 L.Ed. 1101), and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal. (Tennessee v. Union & Planters' Bank, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511; Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126; The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716; Taylor v. Anderson, 234 U.S. 74, 34 S.Ct. 724, 58 L. Ed.1218). Indeed, the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense. Devine v. Los Angeles, 202 U.S. 313, 334, 26 S.Ct. 652, 50 L.Ed. 1046; The Fair v. Kohler Die & Specialty Co., supra." Gully v. First National Bank, 299 U.S. 109, 112, 113, 57 S.Ct. 96, 97, 81 L.Ed. 70. See, also, Jewell v. Cleveland Wrecking Co., 8 Cir., 111 F.2d 305, 306 and cases cited in footnote 4, page 306.

■■ The complaint completely fails to show that plaintiffs have or claim any right or immunity created by any law of the United States. Their assertion that the trustee in bankruptcy claims to be entitled to the securities which they are retaining to protect themselves against the claim of Schaffer based upon their check, is insufficient to confer jurisdiction upon the court below. Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126. Any right the plaintiffs may have to retain the securities or to have a lien thereon or to compel the defendants to settle their claims with respect to the check and the securities between themselves, is dependent upon local law and not upon any law of the United States.

Since the court was without jurisdiction, it is unnecessary to consider whether the complaint states a claim upon which relief could be granted.

The judgment is affirmed.