**STATE AUTOMOBILE INS. ASS'N v. PARRY.**

No. 12079.

Circuit Court of Appeals, Eighth Circuit.

Nov. 13, 1941.

---

Neill Garrett, of Des Moines, Iowa (Ben J. Gibson, Walter L. Stewart, Wendell B. Gibson, and Robert C. Waterman, all of Des Moines, Iowa, on the brief), for appellants.

Burton Dull, of Le Mars, Iowa (C. Morse Hoorneman, of Le Mars, Iowa, on the brief), for appellee.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

The question presented by this appeal is whether the court below had jurisdiction of this suit upon the ground that it arose under the Motor Carrier Act of 1935, 49 Stat. 543, 49 U.S.C.A. § 301 et seq., and was therefore a suit which arose "under the Constitution or laws of the United States", 28 U.S.C.A. § 41(1), and under a law "regulating commerce", 28 U.S.C.A. § 41(8).

The suit is one for a declaratory judgment, 28 U.S.C.A. § 400, brought by the appellants against the appellee and others to secure a declaration of the nonliability of the State Automobile Insurance Association, and inter-insurance exchange (hereinafter called the insurer), under a policy of automobile liability insurance issued by Automobile Underwriters, as attorney in fact for the insurer, to Lyle Mendenhall with respect to a truck owned by him.

The question of jurisdiction is to be determined from the complaint. Jewell v. Cleveland Wrecking Co., 8 Cir., 111 F. 2d 305, 306, and cases cited.

The complaint shows: That the insurer on October 13, 1939, through its attorney in fact, issued to Mendenhall (a defendant in the court below) its policy of liability insurance covering damage to persons or property caused by the operation of the truck described in the policy, except when the truck was being operated more than 300 miles from Imperial, Nebraska. That Mendenhall procured from the Interstate Commerce Commission a certificate under the Motor Carrier Act of 1935 authorizing him to operate as a common carrier of property by motor vehicle between Imperial, Nebraska, and Denver, Colorado. That, in order to secure this certificate, Mendenhall was required, by § 215 of the Motor Carrier Act, 49 U.S.C.A. § 315, to have a policy of liability insurance "conditioned to pay * * * any final judg-

ment recovered * * * for bodily injuries to or the death of any person resulting from the negligent operation * * * of motor vehicles under such certificate * * *, or for loss or damage to property of others," in conformity with the rules and regulations of the Interstate Commerce Commission. That the insurer attached to Mendenhall's policy an endorsement or rider in the form required by the Commission, which endorsement stated that it was attached to the policy "to assure compliance by the insured, as a motor carrier of property, with Section 215 of the Motor Carrier Act, 1935, and the pertinent rules and regulations of the Interstate Commerce Commission." That the endorsement bore the same date as the policy, October 13, 1939. That on January 15, 1940, the insured truck while being driven by Fred Swink (a defendant in the court below) collided with an automobile driven by W. G. Anderson (also a defendant in the court below). That the accident occurred on an Iowa highway near Dennison, Iowa, and more than 300 miles from Imperial, Nebraska. That as a result of the accident, two suits were commenced in a state court of Iowa against Mendenhall, one by W. G. Anderson for $2,936 and one by the appellee, Ellsworth Parry, Administrator of the estate of Evan Parry, deceased, for $5,447.85. That Mendenhall claims that the policy issued to him by the insurer covers his liability, if any, to Anderson and to Parry, administrator, and that the insurer is obligated to defend the suits brought by them against Mendenhall. That Anderson and Parry claim that the policy covers Mendenhall's liability to them, "because of the provisions of the Motor Carrier Act of the United States of 1935, and endorsement form No. B.M.C. 31 [the endorsement form attached to the policy] promulgated by the Interstate Commerce Commission pursuant to the authority and provisions of Sec. 215 of said Motor Carrier Act and the rules and regulations of the Interstate Commerce Commission applicable thereto." That the insurer claims that the rules and regulations of the Interstate Commerce Commission and the endorsement attached to the policy in the form required by the rules and regulations were ineffective unless the insured truck was being used as a common carrier of property in accordance with the certificate issued by the Commission to Mendenhall. That at the time of the collision the truck was not being so used and was not upon any route over which Mendenhall was authorized to operate, and that the truck was being used by Mendenhall and his driver, Swink, for Mendenhall's own private purposes.

The appellants asked for a declaration that the endorsement attached to the policy, under the requirements of the Motor Carrier Act, did not cover the insured truck when it was not being operated in conformity with the certificate of the Interstate Commerce Commission issued to Mendenhall, and that the Commission had no authority under the Motor Carrier Act to extend the coverage of the policy to operations not authorized by the certificate of the Commission.

In the court below, the case was submitted upon the complaint, a motion made by the appellee to dismiss, and a stipulation that the facts stated in the complaint were true. No question of jurisdiction was raised. The court found in favor of the appellants and entered a judgment declaring the insurer's nonliability under the policy. Thereafter the court, of its own motion, entered the order appealed from, which reads in part as follows:

"No question of jurisdiction was raised and while it was clear there was not a requisite diversity of citizenship, it was assumed rather than decided that the action arose under the Motor Carriers' Act of 1935, particularly § 215. Since the entry of said judgment the Court has had occasion to further consider the question of jurisdiction in cases of this type and is now convinced that the Court was in error in assuming that the action arose under a law of the United States, or that it was at all necessary to construe § 215 of the Motor Carriers' Act in order to determine said cause. The Court is of opinion that a determination of the cause unquestionably turned merely upon a construction of the contract between the parties and that no substantial federal question was involved, and no appeal having yet been perfected and the term at which the cause was tried and judgment entered not having yet expired:

"It is now, on this 20th day of May, 1941, Ordered and Adjudged that the findings of fact and conclusions of law and judgment filed and entered on the 19th day of March, 1941, be and the same are hereby vacated and set aside. That the

Plaintiffs' complaint is dismissed for want of jurisdiction and that all necessary exceptions be reserved to the Plaintiffs."

We agree with the court below that it was without jurisdiction. There is little that can be added to what that court has said. The complaint shows that the controversy is as to the liability of the insurer under its policy as amended by the endorsement. The endorsement was a part of the contract of insurance and was to be taken and understood according to the meaning of the language used. The fact that the endorsement was attached to the policy to conform the policy to the requirements of the Interstate Commerce Commission and of Sec. 215 of the Motor Carrier Act, and that a controversy has arisen as to the meaning of the language of the endorsement, does not make this case one which arises under the Motor Carrier Act. It is not shown by the complaint that any right or immunity created by that Act is an element of the appellants' cause of action or that there is any genuine present controversy between the parties over the construction or effect of the Act. See and compare Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152–154, 29 S.Ct. 42, 53 L.Ed. 126; Gully v. First National Bank, 299 U.S. 109, 112, 113, 57 S.Ct. 96, 81 L.Ed. 70; Jewell v. Cleveland Wrecking Co., 8 Cir., 111 F.2d 305, 306, and cases cited in footnote 4, page 306; Gardner v. Schaffer, 8 Cir., 120 F.2d 840.

"A case which in fact depends for its decision upon questions of local or general law cannot be brought within the jurisdiction of a federal tribunal as one arising under the constitution and laws of the United States merely by a reference in the complaint or declaration to some federal statute or statutes, and by setting up a claim thereunder which is merely colorable, and obviously without any reasonable foundation." St. Paul, M. & M. Ry. Co. v. St. Paul & N. P. R. Co., 8 Cir., 68 F. 2, p. 11.

"One cannot confer jurisdiction on a federal court by making a claim of federal right which is clearly without substance." Bunn on Jurisdiction and Practice of the Courts of the United States, 4th Ed., page 37.

We are convinced that the question of the liability of the insurer under the policy in suit is one arising under local law and not one arising under any law of the United States.

The order appealed from is affirmed.