**BATES v. UNITED STATES.**

Civil Action No. 732.

District Court, D. Nebraska,
Lincoln Division.

Feb. 25, 1948.

R. R. Perry, of Perry & Perry, all of Lincoln, Neb., for the plaintiff.

Joseph T. Votava, U. S. Atty., of Omaha, Neb., and James L. Brown, Asst. U. S. Atty., of Lincoln, Neb., for defendant.

DELEHANT, District Judge.

The plaintiff, a citizen of Nebraska, in his complaint demands judgment for two thousand dollars against the defendant, under the Federal Tort Claims Act, 28 U.S.C.A. § 921 et seq.

In a supplementary motion, the defendant asks that the action be dismissed "for

the reason that the court is without jurisdiction to entertain the claim of $2,000.00 asserted by the complaint"; and its point is that, absent a controversy exceeding, exclusive of interest and costs, the sum or value of three thousand dollars, 28 U.S.C.A. § 41(1), jurisdiction must be denied. Despite a competent and ingenious presentation of that thesis, the court is persuaded that it is without virtue.

Two preliminary contentions of the defendant may readily be granted. First, the district courts of the United States are courts of limited jurisdiction, in the sense that they have no jurisdiction beyond that conferred upon them by the constitution and laws of the United States. For that reason, such jurisdiction is never presumed, Grace v. American Central Insurance Co., 109 U.S. 278, 3 S.Ct. 207, 27 L.Ed. 932; Hill v. Walker, 8 Cir., 167 F. 241; but must be made, by him who asserts it, affirmatively to appear. Grace v. American Central Insurance Co., supra; Lovell, Trustee v. Isidore Newman & Son, 227 U.S. 412, 33 S.Ct. 375, 57 L.Ed. 577; Le Mieux Bros. v. Tremont Lbr. Co., 5 Cir., 140 F.2d 387; Badger v. Reich Brothers Const. Co., 5 Cir., 161 F.2d 289. And, ordinarily, that disclosure must first be made in the complaint of a plaintiff who seeks the determination of his case by a United States District Court. Federal Rules of Civil Procedure, rule 8(a) (1), 28 U.S.C.A. following section 723c, in association with Rule 82; Hart v. B. F. Keith Vaudeville Exchange, 262 U.S. 271, 43 S.Ct. 540, 67 L.Ed. 977; McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; Township of Hillsborough v. Cromwell, 326 U.S. 620, 66 S.Ct. 445, 90 L.Ed. 358; Hill v. Walker, 8 Cir., supra; Gardner v. Schaffer, 8 Cir., 120 F.2d 840; Jewell v. Cleveland Wrecking Co., 8 Cir., 111 F.2d 305; State Automobile Insurance Co. v. Parry, 8 Cir., 123 F.2d 243. Secondly, a statute granting jurisdiction to entertain suits against the United States, being a waiver of an immunity of sovereignty, must be strictly construed. Unitel States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888; United States v. Michel, 282 U.S. 656, 51 S.Ct. 284, 75 L.Ed. 598; State of Maryland v. United States, D.C.Md., 70 F.Supp. 982.

The grant of jurisdiction over cases arising under the Federal Tort Claims Act is made in the following language contained in 28 U.S.C.A. § 931(a): " * * * the United States District Court * * * shall have exclusive jurisdiction to hear, determine, and render judgment on any claim against the United States, for money only, accruing on and after January 1, 1945, on account of damage to or loss of property or on account of personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant for such damage, loss, injury, or death in accordance with the law of the place where the act or omission occurred" (certain presently immaterial qualifying language omitted).

Standing alone, that language is both broad and clear. Its prescribed test of jurisdiction is whether in the circumstances, a private person in the position of the government would "be liable to the claimant * * * in accordance with the law of the place where the act or omission occurred." And it is unquestioned by the defendant that (saving the impact, if any, of the statutory prescription of a three thousand dollar minimum jurisdictional prerequisite, infra) the complaint states a claim which, if vindicated by proof, would fasten liability on a private person in the government's plight.

It is not explicitly contended or argued by the defendant that the general jurisdictional provisions of 28 U.S.C.A. § 41(1) are operative to preclude the possibility of the subsequent bestowal by the congress upon the district courts of jurisdiction in specific civil cases, irrespective of the amount or value of the controversies involved therein. Nor could such a position well be maintained.

Broad grants to the district courts of jurisdiction of actions for the vindication of rights created by other congressional acts have been sustained as adequate, even

though a controversy involving the jurisdictional amount prescribed in 28 U.S.C.A. § 41(1), and diversity of citizenship or one of them be wanting. Among them may be mentioned, suggestively but not exclusively, the Fair Labor Standards Act, § 16, 29 U.S.C.A. § 216, Donahue v. Susquehanna Collieries Co., 3 Cir., 138 F.2d 3, 149 A.L.R. 271; Timony v. Todd Shipyards Corp., D.C.N.Y., 59 F.Supp. 779; Britt v. Cole Drug Co., D.C.Mass., 39 F. Supp. 90; the Emergency Price Control Act of 1942, § 205, 50 U.S.C.A.Appendix, § 925; Bowles v. Franceschini, 1 Cir., 145 F.2d 510; Powell v. Rhine, D.C.Pa., 71 F.Supp. 953; City of Newark v. Horns, D.C., 62 F.Supp. 310; and the Copyright Act, §§ 25, 34, 17 U.S.C.A. §§ 25 and 34; Photo Drama Motion Picture Co. v. Social Uplift Film Corp., D.C.N.Y., 213 F. 374; Id., 2 Cir., 220 F. 448.

But the defendant, on this occasion argues that, because, by the peculiar language of the Federal Tort Claims Act, the jurisdiction granted is conditioned on the existence of circumstances in which a private person would be liable to the claimant and because the grant is limited only to the United States District Court, the statutory language must be understood in like manner as if its requirement supposed the liability of a private person enforceable in the United States District Court. Upon which premise, it then contends that, since, under 28 U.S.C.A. § 41(1), the presence of a controversy in a sum or value exceeding three thousand dollars is a test of jurisdiction, the power of the court to entertain this action must be denied. The court is satisfied that the argument is invalid.

The United States cites no judicial authority which may be construed as sustaining its position. Reference is made to an observation, en passant, of the writer of the opinion in Englehardt v. United States et al., D.C.Md., 69 F.Supp. 451, 455. In that case, brought under the Federal Tort Claims Act, the court was considering the right of a plaintiff, a citizen of Maryland, to join with the United States, its allegedly offending employee, a citizen of Delaware. The joinder was sustained; but, by way of the most obvious dictum, the court, in its reasoning used this language:

"There is still another consideration affecting the principal question here involved. The plaintiff and the individual defendant are citizens of different States. If, as is more likely to occur in this class of cases, the plaintiff and the individual defendant had been citizens of the same State, another and perhaps more difficult question of jurisdiction would have existed. As it is, there is no doubt that the plaintiff can sue the individual defendant singly in one suit and the United States in another suit."

It will be readily apparent that the judicial reflection in the quoted language was upon the court's jurisdiction over an action between private parties based—as, in that relation it could only be based—upon common law negligence. The language is completely pointless in a suit brought by an injured person against the United States alone. And, touching the question proposed by the writer of the cited opinion, see Dickens v. Jackson, D.C. N.Y., 71 F.Supp. 753, which is equally insignificant upon the present issue.

■ There can be no reasonable doubt, as this court thinks, that the language, "under circumstances where the United States, if *a private person, would be liable* to the claimant * * * *in accordance with the law of the place where the act or omission occurred*" (emphasis added) has reference to the creation or existence of a substantive right or claim. The disclosed legislative policy of measuring liability flexibly by the lex loci delicti (with certain express reservations) supports that construction.

■ And, so does a proper regard for the remedial objective of the Act. It should receive that construction consistent, of course, with its terms, which will accord with a fair appraisal of its purposes, and within constitutional limitations, effectuate them.

■ There is another, and persuasive, reason for rejecting the defendant's position. By 28 U.S.C.A. § 931(b), it is provided, in part, that:

"No suit shall be instituted pursuant to this section upon a claim presented to any Federal agency pursuant to subchapter 1 of this chapter unless such

Federal agency has made final disposition of the claim: Provided, That the claimant may, upon fifteen days' notice given in writing, withdraw the claim from consideration of the Federal agency and commence suit thereon pursuant to this section: Provided further, That as to any claim so disposed of or so withdrawn, no suit shall be instituted pursuant to this section for any sum in excess of the amount of the claim presented to the Federal agency, except where the increased amount of the claim is shown to be based upon newly discovered evidence not reasonably discoverable at the time of presentation of the claim to the Federal agency or upon evidence of intervening facts, relating to the amount of the claim."

Now, the quoted portion of subsection (b) is transparently not a separate grant of jurisdiction, but rather a qualification of, or limitation upon the general grant contained in subsection (a), vide supra. And subchapter I referred to in subsection (b), very significantly, confers upon the heads of federal agencies or their designees for the purpose, authority to make settlement of cases described identically as those described in 28 U.S.C.A. § 921(a), "where the total amount of the claim does not exceed $1,000." So, 28 U.S.C.A. § 931(b) merely erects procedural steps in the prosecution in the United States District Courts of certain suits under the Act involving not more than one thousand dollars; and, doing so, affirms unanswerably the jurisdiction of the district courts, under 28 U.S.C.W. § 931(a), to entertain those minor suits, without any intercepting consequence from 28 U.S.C.A. § 41(1). If the jurisdictional minimum prescribed in the latter section is inoperative as to claims of one thousand dollars or less, it is necessarily inoperative as to any claims under the Act. It fails to thwart the prosecution of those smaller claims, not because they are expressly withdrawn from its scope, but rather because it is in no wise a limitation upon the jurisdiction granted by the Federal Tort Claims Act.

In support of its position the defendant quotes at length from "Analysis of Federal Tort Claims Act," by Messrs. Edward Ash and Sidney A. Schwartz, appearing in New York Law Journal of November 25, 26, 27, 28, 1946, and in The Insurance Law Journal, February 1947, page 111 et seq. The court has respectfully examined and considered this excellent study. It does, indeed, advance the opinion of its authors that 28 U.S.C.A. § 41(1) imposes its requirement of a minimum amount upon the court's jurisdiction of actions under the Federal Tort Claims Act because such actions arise under the "constitution or laws of the United States." The authors do not support their view by authority, judicial or otherwise, and their reasoning is not persuasive to this court. Thus, while it mentions the provision of 28 U.S.C.A. § 921, being subchapter I, supra, for the administrative settlement of claims of one thousand dollars or less, the article fails adequately, or at all, to correlate that section with 28 U.S.C.A. § 931(a) and (b), or to consider the impact upon its problem of the express legislative declaration in the latter subsection that even actions involving less than one thousand dollars are within the grant of jurisdiction.

The defendant argues that the present situation requires the application of the maxim, "casus omissus pro omisso habendus est." That an actual legislative casus omissus may not licitly be supplied or remedied by "judicial legislation" is undoubtedly true. United States ex rel. Coy v. United States, 316 U.S. 342, 62 S.Ct. 1137, 86 L. Ed. 1517; State v. Crenshaw, 138 Ala. 506, 35 So. 456; Estes v. Terrell, 99 Tex. 622, 92 S.W. 407; State v. Wirt County Court, 63 W.Va. 230, 59 S.E. 884, 981; Isolantite, Inc. v. United Elec., etc, Workers, 132 N.J. Eq. 613, 29 A.2d 183. But the argument begs the question of the reality here of a casus omissus. The legislative inadvertence must first be found objectively to exist before the maxim may be invoked. Such a lapse is not at all impossible; nor is its occasional occurence necessarily censurable. " * * * et idem indignor quandoque bonus dormitat Homerus; verum opere longo fas est obrepere somnum." But it should not be affirmed of the instant legislation if the Act, reasonably construed, warrants the conclusion that the entire range,

in terms of amount, of damages is within the bestowal of jurisdiction. And this court is satisfied that it is included.

The motion to dismiss is, therefore, being denied and overruled.