Marvin S. COWAN, Plaintiff,

v.

UNITED STATES of America, Industrial Commissioner of The State of New York, City of New York, and Cameo Restaurant, Inc., Defendants.

United States District Court
S. D. New York.
March 24, 1959.

292

Cowan, Leibowitz & Emanuel, New York City, for plaintiff, Lazar Emanuel, Lewis R. Cowan, New York City, of counsel.

Louis J. Lefkowitz, Atty. Gen., for Industrial Commissioner of the State of New York, Charles H Tenney, Corp. Counsel of the City of New York, New York City, for defendant, City of New York, Stanley Buchsbaum, Bernard H. Sherris, Morris Jacobson, New York City, of counsel.

DIMOCK, District Judge.

Defendant, City of New York, moves for summary judgment, under Rule 56, F.R.Civ.P., in an interpleader action, and plaintiff and defendant, Industrial Commissioner of the State of New York, cross-move for summary judgment.

Plaintiff, an attorney, alleges that as part of the transaction in which a restaurant was sold, the purchaser deposited with him, as escrow agent, the sum of $16,600, a part of the purchase price. Plaintiff was to hold the money to satisfy the tax claims of the United States, the State of New York, and the City of New York against the seller. After the closing, the three taxing authorities demanded payment from plaintiff out of the escrow fund a sum in an amount larger than had been provided. Plaintiff thereupon deposited the escrow fund plus earned interest with the registry of this court and instituted this action against the three taxing authorities demanding judgment that they interplead, that he be discharged and that he recover his costs and reasonable attorney's fees out of the fund.

The United States of America never appeared in the action but the other two defendants agreed that $13,197 of the fund was due to and should be paid to the United States and that the balance belonged to them in the proportion of 50.-5% to the Industrial Commissioner and 49.5% to the City of New York. An order was entered on consent, reciting that the United States of America had not appeared since it had not consented to be sued, and directing that the action should be dismissed as against the United States and that there be paid out of the registry of the court to the Treasurer of the United States said sum of $13,-197. At that point there remained only the question of the amount, if any, of the costs and attorney's fees payable to plaintiff.

The remaining defendants now move for summary judgments aggregating the full amount of the fund and plaintiff moves for summary judgment which will include an award to him of $527 attorney's fees and disbursements.

The only questions raised by the motions for summary judgment are whether plaintiff is entitled to counsel

fees plus reimbursement of expenses, and, if so, whether the award would have priority over the tax claims asserted. For reasons which will appear, and on an issue that was not raised by the parties, the motions are denied and the action is dismissed for lack of jurisdiction. I am hesitant to decide a motion on a theory that was not argued before me but jurisdiction of the court involves competency to decide and can and must be raised by the court itself when the parties do not do so.

Plaintiff alleges in the complaint that the "action is brought pursuant to Rule 22 of the Federal Rules of Civil Procedure". He also alleges that the "grounds upon which the jurisdiction of this Court depends is that the United States of America is a party to this action, and the existence of a question of priority of lien under a Federal Statute, to wit, Internal Revenue Code of 1954, Section 6321 et seq., 26 U.S.C.A."

■ Rule 22, F.R.Civ.P., sets forth the manner in which a plaintiff may join as defendants persons having a claim against him. It has nothing to do with jurisdiction. The Rule is concerned with joinder of parties, and the Notes of the Advisory Committee on Rules, as stated by the Reporter, following the text of the Rule, make it clear that Rule 22 "does not change the rules on * * * jurisdiction * * * as established by judicial decision." Indeed, Rule 82, F.R.Civ.P. specifically states that "these rules shall not be construed to extend or limit the jurisdiction of the United States district courts".

If this court has jurisdiction over this action, the basis must be the presence of a federal question since there is no allegation of diversity. Plaintiff tries to bring the action within the federal question jurisdiction both by claiming that the United States is a party and by claiming that there is a question involving a federal statute. Neither claim, however, is sufficient to confer jurisdiction.

■ The proposition that the court has jurisdiction because the United States is a party involves the postulate that the United States may be made a party. As above stated, however, the parties have agreed that the United States cannot be sued unless it consents, see United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888; United States v. United States Fidelity & Guaranty Co., 309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894, and it is further agreed that the United States has not consented to be sued in an action of this nature.

■ This leaves for consideration the allegation that jurisdiction depends on the question of the priority of the lien of the Federal government. I construe this to mean that the basis of jurisdiction is a federal question because a federal statute, 26 U.S.C., § 6321 et seq., has, or had before the satisfaction of the claim of the United States, a bearing on the rights of the various litigants. A federal question is not, however, necessarily present merely because a federal statute is involved.

■ An almost identical state of facts was presented in Gardner v. Schaffer, 8 Cir., 120 F.2d 840, 842. There stockholders sought interpleader of two claimants one of whom based his claim upon his right as a trustee in bankruptcy. Diversity of citizenship was lacking. The court held that this precluded jurisdiction under the Federal Interpleader Act, 28 U.S.C. § 41(26). The plaintiffs claimed, however, that the action was one which arose under the Constitution or laws of the United States, 28 U.S.C. § 41(1). The Court replied,

"The complaint completely fails to show that plaintiffs have or claim any right or immunity created by any law of the United States. Their assertion that the trustee in bankruptcy claims to be entitled to the securities which they are retaining to protect themselves against the claim of Schaffer based upon their check, is insufficient to confer jurisdiction upon the court below."

See also Developments in the Law, Multiparty Litigation in the Federal Courts, 71 Harv.L.Rev. 874, 919 (note 318).

The action does not arise under the laws of the United States.

The complaint must be dismissed since the court has no jurisdiction of the action.

Judgment is to be settled on notice so as to make provision with respect to the fund in the registry of the court.