**Stanley R. CAIDIN, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 75–1826.

United States Court of Appeals, Ninth Circuit.

Nov. 3, 1977.

Roger A. Parkinson, Los Angeles, Cal., argued for plaintiff-appellant.

Neil H. Koslow, Washington, D. C., argued for defendant-appellee.

Before HUFSTEDLER and SNEED, Circuit Judges, and CRARY *, District Judge.

SNEED, Circuit Judge:

This is an appeal from an order of dismissal by the district court of plaintiff's complaint for lack of subject matter jurisdiction under the Federal Tort Claims Act.[1] Appellant Stanley Caidin brought an action "on behalf of himself and all persons similarly situated" seeking damages from the United States as a result of the failure of the United States National Bank (USNB) in San Diego, California. The complaint

* Hon. E. Avery Crary, Senior United States District Judge for the Central District of California, sitting by designation.

1. 28 U.S.C. § 1346(b); 28 U.S.C. § 2671 et seq.

alleges that the Comptroller of the Currency was negligent in enforcing the banking laws as they applied to the USNB and is therefore liable for the losses suffered by the bank's shareholders.

 At issue on this appeal is the extent of the jurisdiction granted by the Federal Tort Claims Act (FTCA). The district court found that Caidin had no express authority to represent the other members of the class and therefore his attempt to present an administrative claim on their behalf was ineffective. Further, the district court judge held that Caidin had failed to state a sum certain for his individual claim, since the only sum requested was for the class as a whole. This failure to file proper administrative claims was held to destroy subject matter jurisdiction over the entire cause of action. We agree with the district court and affirm its order of dismissal.[2]

## I. *Facts.*

Mr. Caidin filed an administrative claim in November 1973 with the Office of the Comptroller of the Currency, detailing the alleged negligence of that agency in regard to the failure of the USNB. His name appeared in the space for name of claimant and he also signed the form. However, under a heading labeled "standing of claimant" he also asserted that the claim was being presented on behalf of all shareholders of USNB as a class. The claim requested the sum of $100,000,000 as compensatory damages for the class as a whole.

## II. *Administrative Claim Requirement.*

The FTCA is a waiver of sovereign immunity by the federal government and sets out explicit procedural rules which must be followed in order to invoke this jurisdiction. 28 U.S.C. § 2671 et seq. The requirement here at issue provides that a claim be

presented to the appropriate federal agency and be finally denied before an action can be brought in Federal District Court. 28 U.S.C. § 2675. This circuit has recently reiterated that "the claim requirement of 28 U.S.C. § 2675 is jurisdictional in nature and may not be waived." *Blain v. United States*, 552 F.2d 289 (9th Cir. 1977). The other circuits which have considered this problem have also held that the filing of an administrative claim is an absolute prerequisite to maintaining a civil action against the government under the FTCA. *Bialowas v. United States*, 443 F.2d 1047 (3rd Cir. 1971); *Best Bearings Co. v. United States*, 463 F.2d 1177 (7th Cir. 1972); *Meeker v. United States*, 435 F.2d 1219 (8th Cir. 1970).

### A. As Applied to the Class.

 Appellant argues that the administrative claim he filed on behalf of the class is sufficient to fulfill this jurisdictional prerequisite. However, the regulations clearly provide that a claim can only be filed by the owner of the property or a duly authorized agent or legal representative of the owner. 28 C.F.R. § 14.3. Caidin in his claim presented no evidence to show that he is the authorized agent or legal representative of the other purported class members. Since the major reason for the administrative claim requirement is to facilitate settlement of cases,[3] we feel it necessary to require that the existence of such authority be asserted contemporaneously with the filing of the claim by one who files on behalf of a claimant. In the absence of an assertion of such authority the ability of the United States to negotiate a settlement is impeded.

 The regulations clearly require that evidence of authority be presented in regard to each individual claimant who has not filed on his own behalf. 28 C.F.R.

---

2. However, the suggestion in the district court's order that the amount in controversy requirement of 28 U.S.C. § 1331 must also be satisfied in the instant case is erroneous. The FTCA provides an independent basis for jurisdiction in 28 U.S.C. § 1346(b), for which there is no minimum jurisdictional amount. *Bates v. United States*, 76 F.Supp. 57 (D.C.Neb.1948).

3. The legislative history indicates that the purpose behind requiring the filing of an administrative claim was "to expedite the fair settlement of tort claims asserted against the United States." 1966 U.S.Code Cong. & Admin.News p. 2516.

§ 14.3(e). A class claim, unless supported by evidence of authority to represent each purported class member, does not comply with this requirement. On this point, we join the Third Circuit. *See Commonwealth of Pennsylvania v. National Association of Flood Insurers*, 520 F.2d 11 (3rd Cir. 1975). As the Third Circuit recognized, neither the Federal Tort Claims Act nor the regulations have any specific provisions relating to filing "class action" administrative claims against the United States. Our decision in *Blain, supra*, in which we upheld the dismissal of a complaint where the plaintiffs had never filed an administrative claim but were attempting to rely on a class claim filed by another, is consistent with this holding.

Because this action must be dismissed on jurisdictional grounds, we do not have to decide the broader question of whether, assuming proper administrative claims have been filed by some or all the members of the class, a class action is permissible under the FTCA. Thus, appellant's argument that the total inability to maintain a class action under the FTCA is a violation of the equal protection of the laws guaranteed by the due process clause of the Fifth Amendment is not properly before us.

B. As Applied to Caidin.

 The district court also held that the administrative claim submitted by the appellant was insufficient to preserve his own cause of action because it failed to specify a sum certain claim for damages. The cases establish that the sum certain requirement demands more than mere general notice to the government of the approximate amount of a claim. *Avril v. United States*, 461 F.2d 1090 (9th Cir. 1972); *Molinar v. United States*, 515 F.2d 246 (5th Cir. 1975). Since the purpose of the administrative claim is to facilitate settlement of these disputes, a specific dollar amount is necessary to allow realistic assessment of the settlement value of a case.

In the instant case, the $100,000,000 figure stated in the claim gives no indication of the specific damages claimed by appellant. It does not purport to be addressed to appellant's specific damages. Thus, the claim is of no use in guiding settlement talks with Caidin individually. Under these circumstances, the case must be treated as if no administrative claim had ever been filed. *Caton v. United States*, 495 F.2d 635 (9th Cir. 1974); *Bialowas v. United States, supra.* Appellant's individual cause of action, therefore, also must be dismissed for failure to meet the FTCA jurisdictional requirements.

AFFIRMED.