996 F.2d 1227
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Don SMITH, Plaintiff-Appellant,
v.
Postmaster BAKKE, Defendant-Appellee.
 No. 92-16011.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 20, 1993.
 
 Before: BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Don Smith appeals pro se the district court's dismissal of his action against Postmaster Bakke for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) and for insufficiency of process pursuant to Fed.R.Civ.P. 12(b)(4).[1] Smith's action sought a writ of mandamus requiring the United States Postal Service to restore "general delivery" mail service to Smith. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal for lack of jurisdiction, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 
 3
 * Background
 
 
 4
 Smith filed a complaint against Postmaster Bakke in state court alleging that "Bakke, by and through his agents either has destroyed, stole, improperly refused to deliver, or otherwise suspended [Smith's] mail service." Smith's action sought a writ of mandamus requiring the United States Postal Service to continue "general delivery" to Smith beyond the 30-day limit established by postal regulations.
 
 
 5
 Bakke removed the action to federal court and moved to dismiss the action pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(4), and 12(b)(6). Smith opposed the motion. The district court notified both parties that it would hold a hearing on the motion. Following the hearing, the district court found that Smith's action was "essentially a tort claim against the government" and that Smith had failed to file his claim in compliance with the Federal Tort Claims Act, 28 U.S.C. § 1346(b) & §§ 2671, et seq. ("FTCA"). The district court also found that Smith failed to serve the complaint and summons in accordance with Fed.R.Civ.P. 4(d)(4) and 4(d)(5). Accordingly, the district court dismissed Smith's action and entered judgment for Bakke. Smith timely appeals.
 
 II
 Merits
 
 6
 Smith contends that the district court erred by dismissing his action. This contention lacks merit.
 
 
 7
 The United States, as sovereign, may not be sued without its consent, and the terms of consent define the district court's jurisdiction to hear the suit. United States v. Testan, 424 U.S. 392, 399 (1976). "[T]he bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants." Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985). The FTCA provides a limited waiver of sovereign immunity. See 28 U.S.C. § 2401, 2674. To maintain an action under the FTCA, however, a claimant first must file an administrative claim with the appropriate federal agency. See 28 U.S.C. § 2675. This requirement is jurisdictional. Caidin v. United States, 564 F.2d 284, 286 (9th Cir.1977).
 
 
 8
 Smith's action named as a defendant Postmaster Bakke in his official capacity. As such, the action was essentially a suit against the United States. See Gilbert, 756 F.2d at 1458. Smith failed to file an administrative claim prior to initiating this action. See 28 U.S.C. § 2675; Caidin, 564 F.2d at 286. Thus, the district court was without jurisdiction under the FTCA to hear Smith's claim for damages against Bakke. Moreover, to the extent that Smith sought injunctive relief against the postal service, the United States had not waived its immunity. See Westbay Steel, Inc. v. United States, 970 F.2d 648, 651 (9th Cir.1992) (the FTCA does not submit the United States to injunctive relief). Accordingly, the district court did not err by dismissing Smith's action for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the district court determined that it lacked jurisdiction over Smith's action, we construe the dismissal as one under Rule 12(b)(1). See Fed.R.Civ.P. 12(b)(1)
 
 
 [2]
 Smith has moved to supplement the record on appeal in regard to his request to the district court for attorneys' fees. We deny the motion, see Fed.R.App.P. 10(a), and we affirm the district court's denial of attorneys' fees. Smith was not a prevailing party and, therefore, was not entitled to attorneys' fees. See 28 U.S.C. § 2412(a); 42 U.S.C. § 1988(b)