**Ray M. BLAIN and Susie J. Blain et al., Plaintiffs-Appellants,**

v.

**The UNITED STATES of America, the United States Department of Agriculture and the United States Department of Forestry Service, Defendants-Appellees.**

No. 75–3376.

United States Court of Appeals, Ninth Circuit.

March 28, 1977.

---

Terry J. Knoepp, U. S. Atty., Peter W. · Bowie, Asst. U. S. Atty., San Diego, Cal., Morton Hollander, Neil H. Koslowe, Atty., Civ. Div., U. S. Dept. of Justice, Washington, D. C., argued, for defendants-appellees.

Walter S. Weiss, Barry Zalma, Long & Levit, Los Angeles, Cal., argued, for plaintiffs-appellants.

Before TRASK, WALLACE and SNEED, Circuit Judges.

PER CURIAM:

Plaintiffs' action against the United States for property damage was dismissed. They contend before us that the district judge erred in holding that a class claim filed by a non-plaintiff does not fulfill the administrative claim requirement of 28 U.S.C. § 2675. We affirm.

The plaintiffs contend that in September 1970 there was a forest fire in the Cleveland National Forest, near San Diego, California, caused by the negligence of the United States. Plaintiffs are individuals who suffered real and personal property damage as a result of the fire and their subrogor insurance companies.

On November 17, 1970, Arthur and Joann Preston filed a claim with the proper government agency demanding reimbursement for damage incurred as a result of the fire. The Preston claim states that it was submitted on behalf of "claimants and other parties" and that the owners of the damaged property, besides the Prestons themselves, were "other parties in class action." The Prestons are not, and have never been, parties to this action.

On May 14, 1971, a written response to the Preston claim was made in which it was stated in part: "We have, however, given consideration to the claim, but only as it relates to Mr. and Mrs. Preston. They have no authority under the Tort Claims Act to file as a class. Each claimant must file his own claim separately." The Prestons' individual claim was also denied. The Prestons later instituted and settled their suit as individuals.

The plaintiffs instituted this action May 13, 1975, under The Federal Tort Claims Act, 28 U.S.C. §§ 2671–80. None of them have filed claims with the proper federal

agency as required by 28 U.S.C. § 2675.[1] Instead, plaintiffs allege that they are members of the class whose claim was submitted by the Prestons.

 The government moved to dismiss on the ground that plaintiffs had failed to meet the requirements of section 2675 by failing to file a claim within the required two-year period. 28 U.S.C. § 2401(b). The claim requirement of section 2675 is jurisdictional in nature and may not be waived. *Best Bearings Co. v. United States,* 463 F.2d 1177, 1179 (7th Cir. 1972); *Bialowas v. United States,* 443 F.2d 1047, 1049 (3rd Cir. 1971); *see Claremont Aircraft, Inc. v. United States,* 420 F.2d 896 (9th Cir. 1970). Thus, failure to comply within the required time period results in the claim's being forever barred. *Claremont Aircraft, Inc. v. United States, supra,* 420 F.2d 896; 28 U.S.C. § 2401(b). The district judge determined that the plaintiffs had not filed a valid administrative claim and, accordingly, granted the government's motion.

Pursuant to 28 U.S.C. § 2675(a), the Department of Justice has established regulations prescribing the procedures by which administrative claims are to be presented. These regulations provide, among other things, that a claim for damages to property must be presented by the owner of the property or by the owner's duly authorized agent or legal representative. 28 C.F.R. § 14.3(a).

 The claim presented by the Prestons did not satisfy this requirement. While the Prestons purported to file their claim on behalf of "other parties in class action," they supplied no evidence to the agency of any kind that they were authorized to present such a claim on behalf of these individuals. Thus, the plaintiffs in this case may not benefit from the Prestons' claim. *Commonwealth of Pennsylvania v. National Association of Flood Insurers,* 520 F.2d 11, 23–24 (3rd Cir. 1975); 28 C.F.R. § 14.3(e). Because plaintiffs have filed no valid claim,

they have failed to meet the jurisdictional requirements of 28 U.S.C. § 2675 and the district court's dismissal was not error.

As plaintiffs have failed to establish that a class claim was properly submitted on their behalf, we need not reach the question whether a class claim may ever qualify as a claim pursuant to 28 U.S.C. § 2675 or the question whether a vague and undocumented reference to "other parties in class action" would suffice to identify the class for purposes of submitting a class claim.

AFFIRMED.

---

1. This section prohibits the institution of any suit based upon the alleged commission of a tort by the United States unless

the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing  .   .   ..