TRUST COMPANY BANK OF MIDDLE
GEORGIA, N.A., Plaintiff,

v.

The UNITED STATES, Defendant.

No. 90–901C.

United States Claims Court.

Jan. 22, 1992.

Ronald G. Robey, Atlanta, Ga., for plaintiff.

Lisa B. Donis, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

This case is before the court on defendant's motion for summary judgment pursuant to RUSCC 56. For the reasons set forth below, the court grants defendant's motion.

## FACTS

On May 18, 1989, the Naval Facilities Engineering Command, Southern Division, Charleston, South Carolina, solicited bids for a parking lot repair contract at the Naval Reserve Center in Macon, Georgia. Hannibal Construction, Inc. submitted the low bid and was awarded the contract on August 15, 1989, even though it was engaged in reorganization under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101–1174 (1988).

Repair of the parking lot was to be completed by October 29, 1989, with full payment to be made after completion of the work. Both the solicitation and the contract included the Assignment of Claims Clause, 48 C.F.R. § 52.232–23 (1990), making the contract subject to the Assignment of Contracts Act, 41 U.S.C. § 15 (1988).

On September 26, 1989, Hannibal subcontracted the entire contract to C & J Paving

& Grading Company, Inc. Shortly thereafter, C & J Paving entered into a financing agreement with plaintiff, Trust Company Bank of Middle Georgia, N.A. (Trust Co.), to finance the work. The financing agreement required both C & J Paving and Hannibal to assign their rights to receive payment under the contract to plaintiff. After receiving payment from the Navy, plaintiff "was to disburse the funds to C & J Paving in payment of the subcontract, with the remainder to be paid to Hannibal."

C & J Paving forwarded an Instrument of Assignment to the Navy, which was lost. On October 20, 1989, another Instrument of Assignment, accompanied by a Notice of Assignment, was sent to the contracting officer. The assignment documents were not approved by the Navy's legal counsel because the Notice of Assignment was signed by Hannibal, the assignor, instead of Trust Co., the assignee. The Notice of Assignment also improperly described Hannibal as the assignee. According to plaintiff, C & J Paving was then told by Mr. Henry Hogg, an employee of the contracting officer, that a new Notice of Assignment should be submitted and "executed by Hannibal Construction, the assignor, rather than the assignee as directed by the legal department." Another copy of the Instrument of Assignment and an exact duplicate, apparently a photocopy, of the original Notice of Assignment was submitted to the contracting officer on October 26, 1989. As before, Navy legal counsel withheld approval because the Notice of Assignment had not been properly executed by the assignee.

C & J Paving completed the parking lot repair on schedule, and its work was accepted by the Navy. On November 10, 1989, Hannibal submitted an invoice and release for payment, and thereafter received full payment on the contract. Hannibal "promptly dissipated" the proceeds from the contract and failed to pay Trust Co. or C & J Paving. Trust Co. filed suit here, seeking payment, as assignee, from defendant.

## DISCUSSION

■ Summary judgment is appropriate when "there is no genuine issue as to any material fact" so that the moving party "is entitled to judgment as a matter of law." RUSCC 56(c) (1991). In evaluating a motion for summary judgment, any doubt as to whether a genuine issue of material fact exists must be resolved in favor of the non-moving party. *Adickes v. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970); *Campbell v. United States*, 2 Cl.Ct. 247, 249 (1983). When the moving party has carried its burden, the non-moving party must come forward with specific facts showing that a genuine issue for trial exists, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986), and may not discharge its burden by cryptic, conclusory, or generalized responses. *See Willetts v. Ford Motor Co.*, 583 F.2d 852, 856 (6th Cir.1978); *Tunnell v. Wiley*, 514 F.2d 971, 976 (3d Cir. 1975). "[When] the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* 475 U.S. at 587, 106 S.Ct. at 1356 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 1593, 20 L.Ed.2d 569 (1968)). A genuine issue of material fact is one that would change the outcome of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Chevron U.S.A., et al. v. United States*, 17 Cl.Ct. 537, 540 (1989), *rev'd on other grounds*, 923 F.2d 830 (Fed.Cir.1991).

■ No material facts in this case are in dispute. Although the parties disagree about the facts surrounding the attempted assignments, these facts are not material since the parties agree that plaintiff did not meet the notice provisions to the financing institution exception of the Assignment of Contracts Act, 41 U.S.C. § 15.[1] This court

---

1. The Assignment of Contracts Act prohibits the assignment of government contracts, but creates an exception for "a bank, trust company, or other financing institution." 41 U.S.C. § 15 (1988). The financing institution exception is valid only if

is required to strictly construe the financing institution exception. *United Cal. Discount Corp. v. United States,* 19 Cl.Ct. 504, 507 (1990); *American Fin. Assoc., Ltd. v. United States,* 5 Cl.Ct. 761, 768 (1984), *aff'd,* 755 F.2d 912 (Fed.Cir.1985).

Plaintiff argued that the Navy should recognize the assignment under the standard enunciated in *Tuftco Corp. v. United States,* 222 Ct.Cl. 277, 614 F.2d 740 (1980), "so as to waive all statutory requirements for the completion of the assignment." *Tuftco* held that a waiver of 41 U.S.C. § 15 may be found where the government "was aware of, assented to, and recognized the assignment[ ]," as determined by a totality of the circumstances. *Tuftco,* 614 F.2d at 745–46. Plaintiff argued that defendant had knowledge of an assignment because of "repeated correspondence between C & J Paving and various responsible Naval officials, as well as 'inter-office' correspondence between the Naval officials themselves." However, these communications, at best, establish only that the contracting officer had knowledge of several unsuccessful attempts to assign Hannibal's contract. Most of the "inter-office" correspondence was between the contracting officer and Navy legal counsel, and described the defects in C & J Paving's attempted assignment.

Trust Co. also argued that the Navy assented to its assignment because it accepted C & J Paving's repair work, and because Mr. Hogg allegedly stated that all documents needed for payment to be made "directly to Trust Company had been properly and fully completed." Trust Co. relied on *Tuftco* to support its argument; however, the facts of that case weigh against plaintiff. In *Tuftco,* a properly authorized contracting officer orally assured the contractor and the assignee that the proposed assignment of two contracts to build mobile homes for the government would be recognized. Later, at the bottom of a letter from the contractor which confirmed

one of the assignments, the contracting officer wrote "Assignment acknowledged," added his signature, and then dated the acknowledgement. *Tuftco,* 614 F.2d at 742–46. In the case at bar, no authorized contracting officer ever assured plaintiff that an assignment would be recognized, formally or informally, or took any other action indicating acceptance of the assignment. At no time did the contracting officer assent to Trust Co.'s assignment. The fact that defendant accepted the work of Hannibal's subcontractor, without more, cannot lead this court to believe that defendant assented to the assignment.

Finally, plaintiff argued that the government's actions constituted acceptance of the assignment. Trust Co's assertion cannot be taken seriously by the court because every attempted assignment was explicitly rejected by the authorized contracting officer. The waiver exception to the notice provisions of 41 U.S.C. § 15 was created to lessen the harsh results of a strict construction of the statute when the government's clear course of conduct indicated a recognition of the assignment. *Tuftco,* 614 F.2d at 744–45. Here, the government's conduct falls far short of the standard necessary to determine that it recognized the attempted assignment. Moreover, Trust Co. did not argue, nor could it, that the disbursing office ever received knowledge of an assignment. Without such knowledge, a waiver of the notice provisions of the Assignment of Contracts Act cannot be found. *See United Cal. Discount Corp. v. United States,* 19 Cl.Ct. 504, 507 (1990); *American Fin. Assoc., Ltd. v. United States,* 5 Cl.Ct. 761, 768 (1984). Based on the totality of the circumstances, the court finds that defendant did not waive the notice provisions of the Assignment of Contracts Act.

## CONCLUSION

Plaintiff did not comply with the notice provisions of the financing institutions ex-

---

the assignee ... file[s] written notice of the assignment together with a true copy of the instrument of assignment with (a) the contracting officer or the head of his department or agency; (b) the surety or sureties upon the

bond or bonds, if any, in connection with such a contract; and (c) the disbursing officer, if any, designated in such contract to make payment.
*Id.*

ception to 41 U.S.C. § 15, since a notice of assignment, signed by the assignee, was never filed. Nor did defendant, as determined by a totality of the circumstances, waive the notice provisions of the statute.

Following a careful examination of defendant's motion, and giving the proper presumptions and preferences required by the law of summary judgment, the court finds that this case does not present genuine issues of material fact to be tried, and that plaintiff's assignment was not effective. Defendant's motion for summary judgment is granted. The Clerk of the court is directed to dismiss the complaint. Costs to defendant.

IT IS SO ORDERED.