George W. CADWALDER, Mary Kathleen Cadwalder, Plaintiffs–Appellees,

v.

UNITED STATES of America, Defendant–Appellant.

No. 93–35338.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 1994.

Decided Jan. 9, 1995.

Edward T. Swaine, Dept. of Justice, Washington, DC, for defendant-appellant.

Andrew M. Chasan, Bohner, Chasan & Walton, Boise, ID, for plaintiffs-appellees.

Before: POOLE, BRUNETTI, and KLEINFELD, Circuit Judges.

BRUNETTI, Circuit Judge:

In this case, we allowed an interlocutory appeal of the district court's order granting plaintiff-appellee's motion for joinder. The underlying action involves the voluntary assignment of a tort claim against the United States, and implicates both the Assignment of Claims Act and the Federal Tort Claims Act. Because the district court's ruling in this case contravenes both the language and purposes of these two statutes, we reverse.

**BACKGROUND**

In July 1985, the Savage Creek fire, which originated in the Payette National Forest in Utah, spread to a ranch then owned by the McBride Family Trust. George and Mary Cadwalder purchased the ranch on December 26, 1985. They were aware of the fire damage at the time of the sale. The Idaho First National Bank (now West One Bank), acting as trustee for the McBride Family Trust, assigned to the Cadwalders the right to pursue a claim against the Forest Service for the fire damage to the ranch.

On July 10, 1987, the Cadwalders filed an administrative claim with the Department of Agriculture ("Department") alleging that the ranch had been damaged as a result of the Forest Service's negligence in fighting the Savage Creek fire. In a letter dated August 10, 1987, the Department acknowledged receipt of the claim and requested additional information, including "proof of ownership of the land in question and when the land was acquired by the Cadwalders." After receiving more documentation, the Department sent a letter dated December 23, 1987 to the Cadwalder's attorney, Richard Udell. It stated: "According to the information provided to us, your client was not the owner of the property at the time of the fire. We would appreciate your providing the legal basis on which this claim is being presented." Mr. Udell responded that the claim was based on the assignment from West One. The Department denied the Cadwalders' claim on July 11, 1989 and advised them that they had six months in which to seek review of the determination in district court.

The Cadwalders filed this action seeking damages under the Federal Tort Claims Act (FTCA) on January 8, 1990. In its answer, the government stated as an affirmative defense that the Cadwalders' claim was barred by the Assignment of Claims Act, 31 U.S.C. § 3727. In response to this defense, the Cadwalders filed a motion to join West One as a party plaintiff in its capacity as trustee of the McBride Family Trust.

The district court granted the motion for joinder. It held that West One's assignment to the Cadwalders was invalid under section 3727(b), and allowed West One to join the action as the real party in interest pursuant to Federal Rule of Civil Procedure 17(a). Relying on the sixth circuit opinion in *Executive Jet Aviation v. United States,* 507 F.2d 508 (6th Cir.1974), the district court further held that the FTCA requirement that a claimant exhaust administrative remedies did not bar West One's claim because the Cadwalders' administrative claim operated to toll

the statute of limitations. The court characterized West One's failure to file an administrative claim or to join the Cadwalders' claim as a mere technical failure to comply with administrative claim procedures.

The district court certified the issues presented in the order granting the motion for joinder for interlocutory appeal under 28 U.S.C. § 1292(b). We granted permission to appeal.

## DISCUSSION

### I. Assignment of Claims Act

The Assignment of Claims Act allows a person with a claim against the United States to assign that claim only after the "claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued." 31 U.S.C. § 3727(b). The district court found that West One's assignment to the Cadwalders is invalid because it contravenes these requirements. The Cadwalders argue that although the assignment does not comply with section 3727, it is nevertheless valid either because the government waived its defense under section 3727 or because the government is estopped from asserting that defense. The record provides no support for the Cadwalders' arguments.

### A. Waiver

■ "[T]he Government may elect to recognize an assignment despite the bar of the Act." *American Nat'l Bank & Trust Co. v. United States*, 23 Cl.Ct. 542, 546 (1991). In determining whether the government has waived the requirements of the Act, we look to the totality of the circumstances, considering "knowledge, assent, and any actions consistent with the terms of the assignment." *Id.*

■ The government concedes that it knew of West One's assignment to the Cadwalders when it received Mr. Udell's letter of January 4, 1988, but argues that it neither assented to nor took actions consistent with the assignment. The Cadwalders can point to nothing in the record that shows government action that could constitute assent. Actions by the government before it knew of the assignment are irrelevant to the issue of

waiver. And although the government did not finally deny the claim until July 11, 1989, the Cadwalders cannot interpret the passage of time while the government reviewed their claim as assent. In fact, they could have deemed the government's failure to make a final disposition of the claim within six months a denial entitling them to file suit in district court. *See* 28 U.S.C. § 2675(a). Two letters that Mr. Udell sent after January 4, 1988 mention that he had been in touch with the government regarding the case, but this correspondence merely indicates that the government was "looking into Cadwalder's right to pursue the claim." The only other evidence that the government took any action on the claim between December 23, 1987, when it inquired about the legal basis for the claim, and July 11, 1989, when it denied the claim, is its statement in the denial letter that the claim "has been reviewed carefully."

The evidence in the record shows only that the government knew of the assignment and reviewed the Cadwalders' claim. It does not prove that the government assented to the assignment or took actions consistent with it. The government did not waive its defense under the Assignment of Claims Act. *See Trust Co. Bank of Middle Georgia v. United States*, 24 Cl.Ct. 710, 712 (1992) (holding that government's knowledge of attempt to assign contract and its acceptance of subcontractor's work "falls far short of the standard necessary to determine that it recognized the attempted assignment").

### B. Estoppel

■ The Supreme Court has noted "that this Court has never upheld an assertion of estoppel against the Government by a claimant seeking public funds." *Office of Personnel Mgmt. v. Richmond*, 496 U.S. 414, 434, 110 S.Ct. 2465, 2476, 110 L.Ed.2d 387 (1990). Moreover, a party seeking estoppel against the government "must establish affirmative conduct going beyond mere negligence." *Yerger v. Robertson*, 981 F.2d 460, 466 (9th Cir.1992) (internal quotations omitted). The Cadwalders base their estoppel argument on the government's failure to inform them that their claim was legally insufficient. Such inaction is not affirmative con-

duct and does not go beyond mere negligence. The government is not estopped from contesting the validity of the assignment.

## II. Federal Tort Claims Act

■ The Federal Tort Claims Act waives the United States' sovereign immunity for actions in tort. *Jerves v. United States,* 966 F.2d 517, 518 (9th Cir.1992). The Act allows claimants to sue the government in district court provided that they first give the appropriate federal agency the opportunity to resolve the claim. 28 U.S.C. § 2675(a).[1] This administrative claim prerequisite is jurisdictional. *Jerves,* 966 F.2d at 519. A claimant has two years from the date that the claim accrues to present it to the agency. 28 U.S.C. § 2401(b).

■ The Cadwalders presented a claim to the Forest Service within two years of the Savage Creek fire, but West One, the real party in interest, did not submit an administrative claim or join in the Cadwalders' claim. The statutory period for presenting administrative claims expired in July 1987, well before the government was aware of West One's potential claim. Although the Cadwalders have no claim against the United States because the assignment is invalid, and West One did not independently comply with the FTCA's jurisdictional requirements, the district court nevertheless allowed joinder and held that both West One and the Cadwalders could pursue the action.

The district court relied on *Naartex Consulting Corp. v. Watt,* 722 F.2d 779 (D.C.Cir. 1983), *cert. denied,* 467 U.S. 1210, 104 S.Ct.

2399, 81 L.Ed.2d 355 (1984), in permitting joinder pursuant to Federal Rule of Civil Procedure 17(a).[2] It then applied the Sixth Circuit's reasoning in *Executive Jet Aviation v. United States,* 507 F.2d 508 (6th Cir.1974), to hold that the Cadwalders' administrative claim operated to toll the statute of limitations with respect to West One's claim. The district court's conclusion that West One and the Cadwalders may jointly proceed with this action extends *Executive Jet* beyond its limited holding and contravenes the purposes behind the Assignment of Claims Act and the Federal Tort Claims Act. The district court therefore erred in allowing West One to join this action.

■ We interpret the FTCA's administrative claim provisions strictly:

> [T]he administrative claim requirements of Section 2675(a) are jurisdictional in nature, and thus must be strictly adhered to. This is particularly so since the FTCA waives sovereign immunity. Any such waiver must be strictly construed in favor of the United States. Section 2675(a) establishes explicit prerequisites to the filing of suit against the Government in district court. It admits of no exceptions. Given the clarity of the statutory language, we cannot enlarge that consent to be sued which the Government, through Congress, has undertaken so carefully to limit.

*Jerves,* 966 F.2d at 521 (internal quotations and citations omitted). *Accord, McNeil v. United States,* —— U.S. ——, ——, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993) (requiring

---

1. Section 2675(a) provides:

   An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provi-

sions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.
28 U.S.C. § 2675(a).

2. Rule 17(a) provides in relevant part:

   No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ... joinder ... of, the real party in interest; and such ... joinder ... shall have the same effect as if the action had been commenced in the name of the real party in interest.
   Fed.R.Civ.P. 17(a).

"strict adherence to the procedural requirements" of section 2675(a)).

The plain language of section 2675(a) requires "the claimant" to "first present the claim to the appropriate Federal agency." In *Warren v. United States Dept. of Interior Bureau of Land Mgmt.*, 724 F.2d 776 (9th Cir.1984) (*en banc*), we held:

> [S]ection 2675(a) requires *the claimant or his legal representative* to file (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim.

*Id.* at 780 (emphasis added). As the entity entitled to assert the claim. West One is "the claimant" in this case. Either West One or its legal representative was required to file an administrative claim in order to sue in district court. Because West One did not file its own claim, this suit may proceed with West One as a party only if the Cadwalders' administrative claim can satisfy the jurisdictional prerequisites for West One.

The Cadwalders claim did not include West One as a claimant and there is no indication that the Cadwalders had legal authority to act on behalf of West One. This case is therefore distinguishable from our cases holding that the requirements of section 2675(a) are satisfied when a third party submits a claim in the name of the proper claimant. *See Warren*, 724 F.2d 776 (administrative claim signed by an attorney in the name of the claimants satisfied FTCA jurisdictional requirements even though the attorney did not submit documentation regarding his authority); *Avila v. INS*, 731 F.2d 616 (9th Cir.1984) (claim submitted in the name of an adult incompetent by his father and signed by the father for the son adequately fulfilled the administrative claim prerequisite although there was no written authorization entitling the father to act on behalf of the son); and *Graves v. United States Coast Guard*, 692 F.2d 71 (9th Cir.1982) (subject matter jurisdiction existed when attorney signed claim form for claimant who was unable to sign due to quadriplegia).

Nor does the reasoning in *Executive Jet* lead to the conclusion that the Cadwalders' claim satisfied the requirements of section 2675(a) on behalf of West One. *Executive Jet* involved an airplane crash allegedly caused by the Federal Aviation Administration (FAA). The owner of the aircraft, Executive Jet Aviation, received payment from its insurer and subsequently presented an administrative claim to the FAA. Six days later, Executive Jet filed a complaint against the FAA in district court.[3] The Sixth Circuit allowed the insurer to join the pending suit and Executive Jet's administrative claim even though the insurer had not submitted its own claim to the FAA within the statutory period. The court rested its decision on the particular facts of the case, relying heavily on the relationship created by the subrogation agreement. 507 F.2d at 517.

The primary distinction between *Executive Jet* and the instant case, and the basis for our decision, is that *Executive Jet* involved subrogation whereas the assignment in this case was voluntary.[4] A subrogation agreement creates an identity of parties; "under general principles of subrogation, the subrogee stands in the shoes of the subrogor." *Id.* at 516; *Cummings v. United States*, 704 F.2d 437, 439 (9th Cir.1983). *See also United States v. Aetna Casualty & Surety Co.*, 338 U.S. 366, 70 S.Ct. 207, 94

---

3. The Sixth Circuit did not address the issue of whether the district court has subject matter jurisdiction over an FTCA suit filed before the agency rejects the claim or six months pass from the time the claim is presented to the agency. The Supreme Court has since held that a district court has no jurisdiction over such an action. *McNeil v. United States*, — U.S. —, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993).

4. Because we hold that the *Executive Jet* rationale does not apply to the facts of the instant case, we need not decide whether the holding in *Executive Jet* is still viable after the Supreme

Court's decision in *McNeil v. United States*, — U.S. —, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). We note, however, that the Sixth Circuit's statement "that technical failure to comply with the administrative claim procedures is not necessarily fatal to recovery," 507 F.2d at 516 n. 4, may conflict with the Supreme Court's demand for "strict adherence to the [FTCA's] procedural requirements," — U.S. at —, 113 S.Ct. at 1984. The Sixth Circuit has limited *Executive Jet* in *Shelton v. United States*, 615 F.2d 713, 715 (1980).

L.Ed. 171 (1949). The agreement for the sale of property and the voluntary assignment in the instant case created no comparable relationship between West One and the Cadwalders.

The Supreme Court has repeatedly distinguished transfers by operation of law from voluntary assignments for the purposes of the anti-assignment laws. *See Aetna Casualty & Surety Co.*, 338 U.S. at 374–77, 70 S.Ct. at 312–13 (holding that unlike voluntary transfers, subrogation claims were not within the bar of the anti-assignment statute, R.S. 3477, and that a subrogee could therefore bring an action against the United States under the Tort Claims Act). *See also United States v. Shannon*, 342 U.S. 288, 72 S.Ct. 281, 96 L.Ed. 321 (1952). In our view, allowing West One the benefit of the Cadwalders' administrative claim avoids the consequences and disregards the purposes of the Assignment of Claims Act. One of the purposes of the Act is "to make unnecessary the investigation of alleged assignments, and to enable the Government to deal only with the original claimant." *Aetna Casualty & Surety Co.*, 338 U.S. at 373, 70 S.Ct. at 211. In this case, the government was required to deal with the Cadwalders, who had no valid claim, rather than with West One, the proper claimant. Moreover, the government had to investigate the alleged assignment to determine that it was invalid.

The district court's holding is also at odds with the purpose of the FTCA's administrative claim procedure "to encourage administrative settlement of claims against the United States and thereby to prevent an unnecessary burdening of the courts." *Jerves*, 966 F.2d at 520. *See also McNeil*, —— U.S. at ——, 113 S.Ct. at 1984. The Cadwalders had no colorable claim against the government, and the government was not aware of the possible existence of another claimant until it discovered, well after the limitations period expired, that the Cadwalders did not own the ranch at the time of the fire. Thus the government had no reason to address the merits of the Cadwalders' claim or to attempt settlement.

Since West One failed to exhaust its administrative remedies under the FTCA, the district court erred in allowing it to join this action. In *Naartex Consulting Corp.*, the D.C. Circuit held that, as a general rule, when a transfer of a claim against the government is invalidated by the anti-assignment laws, joinder of the assignor "should be permitted, and the complaint may be amended, substituting the new plaintiff." 722 F.2d at 794. The court also stated "that leave to amend pleadings, which is necessary to effectuate the joinder of a party plaintiff, need not be granted when such action would be 'futil[e].'" *Id.* at 794–95 (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)). In this case, joinder of West One would be futile because West One has not satisfied the jurisdictional prerequisites of the FTCA.

## CONCLUSION

We hold that the district court erred in allowing West One and the Cadwalders to pursue this action. The Cadwalders' claim is barred by the Assignment of Claims Act, and West One's claim is barred by the FTCA's administrative claim prerequisite. We therefore reverse the district court's order granting the motion for joinder and remand with instructions to grant summary judgment in favor of the United States.

REVERSED AND REMANDED.