61 F.3d 912
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Abe PASTER, Plaintiff-Appellant,
v.
Al TOLL, Manager FAA, et al., Defendants-Appellees.
 No. 94-55188.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1995.*
Decided July 24, 1995.
 
 1
 Before: FARRIS and O'SCANNLAIN, Circuit Judges, and TASHIMA, District Judge,**
 
 
 2
 MEMORANDUM***
 
 
 3
 Plaintiff is a former designated pilot examiner (DPE), licensed as such by the Federal Aviation Administration (FAA). When the FAA failed to renew his DPE authorization, plaintiff instituted this action in the district court. Plaintiff's first amended complaint raises two claims: (i) age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Sec. 621 et seq. (also citing Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e-16, in support of this claim); and (ii) possibly, a defamation claim for "false allegations" resulting in monetary loss. The action was dismissed by the district court on defendants' motion under Fed.R.Civ.P. 12(b). We affirm.
 
 
 4
 Regardless of the manner in which plaintiff has attempted to cast his claims, at bottom, what plaintiff challenges is the FAA's failure to renew his DPE authorization. We have held that the FAA's decision not to renew a DPE is not subject to judicial review. Greenwood v. FAA, 28 F.3d 971 (9th Cir.1994); Adams v. FAA, 1 F.3d 955 (9th Cir.1993) (per curiam), cert. denied, 114 S.Ct. 690 (1994).
 
 
 5
 Plaintiff's claim of employment discrimination must also fail for the independent reason that the ADEA applies only to "employers" and "employees." 29 U.S.C. Sec. 623(a). A person licensed by the FAA to act as a DPE is not an "employee" of the FAA. Cf. Leone v. United States, 910 F.2d 46 (2d Cir.1990) (persons designated by FAA as aviation medical examiners are not government employees under the Federal Tort Claims Act (FTCA)).
 
 
 6
 Finally, assuming that plaintiff is making a claim for defamation, such a claim must fail under the FTCA, the only statute which authorizes a tort suit against the United States. First, plaintiff has not complied with the administrative claim requirement of the FTCA. 28 U.S.C. Sec. 2675(a). This requirement is jurisdictional and may not be waived. Blain v. United States, 552 F.2d 289, 291 (9th Cir.1977). Second, and in any event, the FTCA's limited waiver of sovereign immunity does not extend to "[a]ny claim arising out of ... libel, slander, [or] misrepresentation...." 28 U.S.C. Sec. 2680(h).
 
 
 7
 For all of these reasons, the district court did not err in dismissing plaintiff's action. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); Ninth Cir.R. 34-4
 
 
 **
 Hon. A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3