**SEGUROS SUCRE S.A., et al.**

v.

**THE PANAMA CANAL COMMISSION**

Nos. CIV. A. 00–3190, CIV. A. 00–3308.

United States District Court,
E.D. Louisiana.

March 8, 2001.

Christopher Ogilvie Davis, William Joseph Riviere, Phelps Dunbar, LLP, New Orleans, LA, for Galapagos Corporacion Turistica "Galatours" S.A.

David L. Terzian, Ann K. Donohue, U.S. Dept. of Justice, Torts Branch, Civil Div., Washington, DC, for Panama Canal Commission.

Joseph Patrick Tynan, Patrick Edward O'Keefe, Montgomery, Barnett, Brown, Read, Hammond & Mintz, New Orleans, La, for Astilleros Braswell International, S.A.

Robert Hugh Murphy, Peter Brooks Sloss, Charles B. Wallace, Murphy, Rogers & Sloss, New Orleans, LA, for Smit International Harbour Towage (Panama), Inc.

BARBIER, District Judge.

Before the Court is defendant Panama Canal Commission's **Motion to Dismiss** (Rec.Doc. 3). The motion, set for hearing on February 14, 2001, is before the Court on briefs without oral argument. Plaintiff Seguros Sucre S.A. opposes the motion. Rec. Doc. 5. For the following reasons, defendant's motion is **DENIED**.

## BACKGROUND

On October 19, 1999, the M/V GALAPA-GOS DISCOVERY was destroyed by fire, sank, and became a total loss. On December 30, 1999, Galapagos Corporacion Turistica "Galatours" S.A. ("Galatours"), the owners of the vessel and the insurance policy issued by plaintiff Seguros Sucre, filed an administrative claim for damages with the defendant Panama Canal Commission ("PCC"), pursuant to 22 U.S.C. § 3771(a). The PCC denied Galatours's claim on May 11, 2000, and Galatours subsequently filed an action against the PCC in this Court, pursuant to 22 U.S.C. § 3776.[1]

On August 29, 2000, plaintiff Seguros Sucre, paid Galatours $6,873,333.33, representing the insured amount and interest for the total loss of the vessel. Seguros Sucre filed an administrative claim with the PCC on November 6, 2000, seeking recovery of $6,873,333.33, the amount it paid to Galatours. On November 7, 2000, Seguros Sucre filed the action against the PCC at issue here.

## DISCUSSION

PCC argues that under the restrictive recovery scheme of the Panama Canal Act, 22 U.S.C. §§ 3601–3873, exhaustion of administrative remedies is a jurisdictional prerequisite to filing a federal action against the PCC for vessel damage. 22 U.S.C. §§ 3771(a), 3776. Rec. Doc. 3 at 4. PCC further contends that Seguros Sucre was not a party to Galatours's December 30, 1999, administrative claim or to Galatours's Federal lawsuit. Rec. Doc. 3 at 3. PCC reasons that because 22 U.S.C. § 3771(a) requires a claim for vessel damage to be filed within one year of the date of the injury, Seguros Sucre's administrative claim filed on November 6, 2000, was untimely. Rec. Doc. 3 at 3, n. 4. Therefore, PCC argues that this action must be dismissed for lack of jurisdiction. Rec. Doc. 3 at 4.

Seguros Sucre argues that upon its payment of $6,873,333.33 to Galatours, it became subrogated to the rights of the owner of the vessel against any third party responsible for the total loss of the vessel. Rec. Doc. 5 at 2. Seguros Sucre argues that by virtue of this subrogation, it is the real party in interest under Federal Rule of Civil Procedure 17(a) and "stands in the shoes" of the assured to the extent of the subrogation, and thus that the tolling of the time limit set forth in the Panama Canal Act, 22 U.S.C. § 3771 by the assured (Galatours) inures to the benefit of the insurer (Seguros Sucre). Rec. Doc. 5 at 3. Seguros Sucre urges this Court to follow the reasoning set forth by the Sixth Circuit Court of Appeals in *Executive Jet Aviation, Inc. v. United States*, 507 F.2d 508 (6th Cir.1974).

In *Executive Jet*, the owner of an aircraft that crashed during takeoff contended the United States was responsible for the accident due to the negligence of the FAA air traffic controllers in not warning of the presence of seagulls on the runway. *Executive Jet*, 507 F.2d at 511. The district court found that the insurers of the aircraft, having paid the owner pursuant to a loan receipt arrangement, were nevertheless the real parties in interest despite the attempt to avoid subrogation through the loan receipt arrangement. *Id.* at 511. The district court held that because the insurers had not filed an administrative claim within two years of the accident as required by statute, the insurers could not be joined as plaintiffs, and the court dismissed the complaint. *Id.*

On appeal, the Sixth Circuit agreed that the insurers became subrogated to the owners claims against the government, and thus, were the real parties in interest. *Id.* at 513. The Sixth Circuit, however, reversed the district court's decision, holding that the administrative claim filed by the owner for the full amount served to toll the

1. Galatours's action, *Galapagos Corporacion Turistica "Galatours" S.A. v. The Panama Canal Commission*, C.A. No. 00–3190–J–1, has been consolidated with the instant case.

limitation period with respect to the claim of the insurers. *Id.* at 515. The court noted that the administrative agency "received a formal written notice fully detailing the nature and amount of the claim that [the owner] was asserting against the United States." *Id.* Thus, "[i]t does not appear that the Government would have been more inclined or better able to negotiate a settlement of the claim if the insurers had been listed as claimants." *Id.* The court reasoned that the owner presented its claim well within the statutory period; therefore, the government was on sufficient notice to begin preparing its defense on the merits. *Id.* at 516. Noting that its decision rested to a large extent on the particular facts of the case,[2] the court concluded that the insured's timely filing of a claim for the full amount tolled the statute of limitations, allowing the insurers to join the action. *Id.* at 517. *See also, Cummings v. United States,* 704 F.2d 437 (9th Cir.1983); *Severtson v. United States,* 806 F.Supp. 97 (E.D.La.1992).

The instant case is factually similar to *Executive Jet.* Galatours timely filed its administrative claim for the full amount. Seguros Sucre is subrogated to Galatours's rights and is entitled to "stand in the shoes" of the assured. Thus, all actions undertaken by Galatours to protect the claim for the insured value of the vessel inure to the benefit of Seguros Sucre. Further, PCC was on sufficient notice to begin preparation of its defense of the claim on the merits.

In response to Seguros Sucre's opposition to the motion to dismiss, PCC cites *Cadwalder v. United States,* for the proposition that "the Sixth Circuit's statement [in *Executive Jet* ] 'that technical failure to comply with the administrative claim procedures is not necessarily fatal to recovery,' may conflict with the Supreme

Court's demand for 'strict adherence to the [FTCA's] procedural requirements, ...' " 45 F.3d 297, 302 n. 4 (9th Cir.1995) (citations omitted). In *Cadwalder,* the Ninth Circuit itself noted that its case was factually distinguishable from *Executive Jet.* 45 F.3d at 301. *Cadwalder* involved a voluntary assignment whereas *Executive Jet* involved subrogation; therefore, the court held that *Executive Jet* was inapplicable in the absence of a valid subrogation agreement. *Id.* Thus, PCC's argument that *Executive Jet* is inapplicable is without merit. PCC also relies on the fact that the instant case involves separate lawsuits to distinguish the present case from *Executive Jet* which involved the insurer's joinder into the assured's suit. The suit by Galatours and the instant suit have been consolidated; therefore, PCC's argument is without merit. Accordingly;

**IT IS ORDERED** that the Motion to Dismiss filed by defendant Panama Canal Commission should be and is hereby **DENIED.**

---

2. While the court specifically limited its holding to the facts before it, stating "we intimate no opinion about the proper result in generally similar situations not involving subrogation, nor in cases in which the subrogor has not filed a timely and complete administrative claim," the instant case presents a similar situation involving subrogation in which Galatours (the subrogor) filed a timely and complete administrative claim. *Executive Jet,* 507 F.2d at 517.