Linda Eilene DENNY, Plaintiff—Appellant,

v.

Brooks WHITLOCK; United States Department of Agriculture, Farm Service Agency; Farm Service Agency, Defendants—Appellees.

No. 02–56430.

D.C. No. CV–00–00572–NAJ(AJB).

United States Court of Appeals, Ninth Circuit.

---

Submitted Sept. 17, 2003.*

Decided Dec. 29, 2003.

Linda Eilene Denny, pro se, Boulevard, CA, for Plaintiff–Appellant.

Peter J. Sholl, Esq., Robert H. Plaxico, AUSA, USSD—Office of the U.S. Attorney, San Diego, CA, for Defendants–Appellees.

Before CHOY, FARRIS, and LEAVY, Circuit Judges.

MEMORANDUM **

Linda Denny appeals pro se the district court's dismissal of her action against the United States Department of Agriculture, the Farm Services Agency ("FSA"), and various individuals. The defendants moved to dismiss on the basis of Denny's lack of standing and that the district court did not have subject matter jurisdiction. The defendants, in a reply memorandum to the district court, argued that Denny was judicially estopped from pursuing her claims in the future. The district court determined that Denny did not have standing and that she was judicially estopped from pursuing her claims, dismissing Denny's claims with prejudice. We have jurisdiction pursuant to 28 U.S.C. § 1291. The decision of the district court may be affirmed on any ground finding support in the record. *Oscar v. University Students Co-op. Ass'n.*, 965 F.2d 783, 785 (9th Cir. 1992). We affirm the judgment of the district court on the basis that the district court did not have subject matter jurisdiction.

Denny's complaint consists of claims for breach of contract against the United States, and claims for torts committed by employees of the United States Department of Agriculture. The district court has no subject matter jurisdiction to hear contract claims against the United States exceeding $10,000. *See McKeel v. Islamic Republic of Iran,* 722 F.2d 582, 590 (9th Cir.1983). The district court has no subject matter jurisdiction to hear Denny's tort claims. An administrative tort claim was not filed with the appropriate agency prior to the filing of Denny's complaint. The administrative exhaustion requirements of 28 U.S.C. § 2675(a) are jurisdictional in nature and are interpreted strictly. *See Cadwalder v. United States,* 45 F.3d 297, 300–01 (9th Cir.1995).

Denny urges us to consider events that occurred following the entry of the district court's judgment, which, she argues, now entitle her to pursue her claims. The district court has no subject matter jurisdiction to hear these claims.

The judgment of the district court is affirmed and the case is remanded to the district court to dismiss Denny's complaint for lack of subject matter jurisdiction.

AFFIRMED AND REMANDED TO DISMISS FOR LACK OF JURISDICTION.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.