The **SALT RIVER PIMA–MARICOPA INDIAN COMMUNITY, et al.,**
Plaintiffs,

v.

**UNITED STATES of America, et al., Defendants.**

**No. CV–08–01005–PHX–ROS.**

United States District Court, D. Arizona.

Feb. 24, 2010.

Ronda R. Fisk, Geoffrey Mt Sturr, Osborn Maledon PA, Phoenix, AZ, Stephens Clay, Craig Edward Bertschi, Kilpatrick Stockton LLP, Atlanta, GA, Catherine F. Munson, G. William Austin, Justin M Guilder, Keith M. Harper, Kilpatrick Stockton LLP, Washington, DC, David Coventry Smith, Kilpatrick Stockton LLP, Winston-Salem, NC, for Plaintiffs.

**ORDER**

ROSLYN O. SILVER, District Judge.

Before the Court is Plaintiffs' Motion for Class Certification and Appointment of Class

---

Representatives. (Doc. 54). Also before the Court is Plaintiffs' Motion to Appoint Class Counsel. (Doc. 56). For the reasons discussed below, the Motions will be granted.

## BACKGROUND

Only July 28, 2008, the Salt River Pima–Maricopa Indian Community ("Plaintiffs" or the "Community") filed an Amended Complaint alleging Defendants are liable for trespass, nuisance, and unjust enrichment arising from their operation of electric transmission lines on land held in trust for the benefit of the Community. (Doc. 17). According to Plaintiffs, in August, 1949, the Bureau of Reclamation of the United States Department of the Interior executed a contract and grant of a 50–year easement (the "Easement") between the United States and the "Indian allottees," to allow the United States to construct and operate an electric transmission line across certain allotted tribal lands. Plaintiffs claim the Easement expired by its terms on March 29, 2000. Plaintiffs allege Defendants unlawfully continue to use the expired right-of-way, and seek injunctive and declaratory relief, and money damages. Plaintiffs now move for class certification and appointment of class representatives, and to appoint class counsel.

## DISCUSSION

### I. Motion for Class Certification and Appointment of Class Representatives

Plaintiffs request certification of an "injunctive relief class" pursuant to Federal Rule of Civil Procedure 23(b)(2), consisting of all persons and entities who are currently beneficial owners of land that was subject to the Easement. They also request certification of a "damages class" pursuant to Fed. R.Civ.P. 23(b)(3), consisting of all person and entities who, from May 29, 2000 to the present, beneficially owned land that was subject to the Easement. Defendants do not dispute that Plaintiffs meet the Rule 23 requirements for class certification. Instead, Defendants argue class certification should be denied because not all members have satisfied the administrative claim requirement necessary to confer subject-matter jurisdiction over their claims against the United States.

### A. Administrative Claim Requirement

It is well-settled that the United States is immune from suit unless it expressly consents to be sued. *See United States v. Dalm,* 494 U.S. 596, 608, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990). Plaintiffs allege the Court has jurisdiction pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) ("FTCA"), which waives the government's sovereign immunity for certain tort claims. To acquire jurisdiction to sue under the Act, a claimant must first submit the claim to the appropriate federal agency in order to provide the agency an opportunity to resolve it. 28 U.S.C. § 2675(a); *Vacek v. U.S. Postal Service,* 447 F.3d 1248, 1250 (9th Cir.2006). The purpose of this requirement is to "ease court congestion and avoid unnecessary litigation," and to provide "for more fair and equitable treatment of private individuals and claimants when they deal with the Government ...." *Warren v. United States Dept. of Interior Bureau of Land Management,* 724 F.2d 776, 779 (9th Cir.1984) (internal quotation marks and citation omitted).

Defendants concede that the President of the Community, Diane Enos, submitted a claim to the Western Area Power Administration, the appropriate government agency, on October 31, 2007. Defendants argue that President Enos's letter does not satisfy the administrative exhaustion requirement for all the affected members of the Community because there is no indication that she was authorized to present the claim on their behalf. Defendants suggest that each of the more than 1,000 affected members of the Community must submit a separate administrative claim. Defendants cite *Cadwalder v. U.S.,* 45 F.3d 297, 301 (9th Cir.1995), in which the court held that a party that had not submitted an administrative claim could not join an action under the FTCA brought by a plaintiff who had properly submitted a claim, where the latter had no authorization to act on behalf of the former and did not indicate that it was submitting its claim on behalf of both parties.

*Cadwalder* is not on point and does not support Defendants' argument that Presi-

dent Enos's letter is insufficient to satisfy the claim requirement for all the affected members of the Community. The *Cadwalder* court expressly distinguished its ruling from Ninth Circuit cases holding that the administrative exhaustion requirement can be satisfied when a third party submits a claim on another's behalf. *Id.* The court noted, for example, that in *Warren,* 724 F.2d at 776, the Ninth Circuit ruled that an administrative claim submitted by an attorney on behalf of his clients satisfied the FTCA exhaustion requirement even though the attorney did not submit extrinsic evidence of his authority to act as the claimants' representative. *Cadwalder,* 45 F.3d at 301. *Cadwalder* refused to allow a party to rely on an administrative claim submitted by others, not because individual claimants are required to submit separate claims, but because the plaintiffs who submitted the claim did not name the additional claimant or provide any indication that they had legal authority to act on its behalf. *Id.*

▮ Here, the claim submitted by President Enos includes a clear indication that she was submitting it on behalf of all the affected members of the Community and was authorized to do so. President Enos's letter begins, "I am writing to you on behalf of the Salt River Pima–Maricopa Indian Community ... and as an authorized agent of the members of the Community ...." (Doc. 59, Ex. A). The letter indicates that Ms. Enos is the President of the Community, expressly states that she is writing as the Community's authorized agent, and includes an image of a Community seal that suggests she has authorization to submit the claim on

the Community's behalf. As noted, the Ninth Circuit held in *Warren* that an agent submitting a claim does not need to include extrinsic evidence of authorization to satisfy the jurisdictional requirement of administrative exhaustion. 724 F.2d at 779, n. 6. The court reasoned that requiring such evidence in order to create jurisdiction would run counter to the goal of judicial efficiency underlying the administrative claim requirement: "[I]t would ... be an inefficient use of judicial resources to require more than minimal notice to satisfy section 2675(a). Since the claims presentation requirement is jurisdictional, if it were interpreted to require more than minimal notice, there would be, inevitably, hearings on ancillary matters of fact whenever the agency rejected a claim." *Id.* (quoting *Avery v. United States,* 680 F.2d 608, 611 (9th Cir.1982)).

President Enos' letter satisfies the "minimal notice" required by the Ninth Circuit in *Warren.* The minimal notice required to satisfy the administrative claim requirement must: "(1) give an agency sufficient written notice to commence investigation and (2) place a value on the claim." *Id.* at 779. President Enos's letter describes the claim with sufficient detail to allow the agency to investigate it, includes a list of the names and addresses of each individual claimant, and places a monetary value on the claim. It also specifies the percent of the affected land owned and the amount of monetary damages allegedly suffered by each individual claimant. As discussed, the letter also provides a sufficient indication that President Enos is authorized to submit the claim on behalf of all the affected members of the Community.[1]

---

1. The other cases cited by Defendants to support their position that President Enos's letter is insufficient are readily distinguishable. Defendants cite *Blain v. United States,* 552 F.2d 289 (9th Cir.1977), in which the court ruled that a party could not submit an administrative claim on behalf of a class of claimants because they did not show they were authorized to do so. *Blain* predated the holding in *Warren* that only minimal notice is required. In contrast to this case, moreover, in *Blain* the party submitting the claim did not provide any indication that they were authorized to act on behalf of the class, and they did not attempt to individually name the other members (referring to them only as "claimants and other parties"). *Id.* at 290. Here,

President Enos clearly indicated she was an authorized representative, and she also individually named the members of the class. *Caidin v. United States,* 564 F.2d 284 (9th Cir.1977), also cited by Defendants, is similarly distinguishable. It also predated the holding in *Warren,* and involved a claimant who purported to act on behalf of a class without any indication that he had authority to do so. The other cases cited by Defendants are all similarly distinguishable. To the extent another Circuit requires agents to submit unambiguous extrinsic evidence of their authority to submit an administrative claim (for the purpose of establishing federal court jurisdiction), such a requirement conflicts with the

Defendants do not dispute that the claim was sent to the appropriate administrative agency, and that it was either denied or a final disposition was not issued within six months. Plaintiffs have thus satisfied the administrative claim requirement under 28 U.S.C. § 2675(a) and have subject-matter jurisdiction to pursue a class action under the FTCA.

## B. Rule 23 Requirements for Class Certification

There are four prerequisites for class certification under Rule 23(a): (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Fed.R.Civ.P. 23; *Staton v. Boeing Co.*, 327 F.3d 938, 953 (9th Cir.2003). In addition, the class must also qualify under one of the three subdivisions of Rule 23(b). *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir.1998). The Court finds Plaintiffs' class meets the four basic prerequisites and also qualifies as an injunctive relief class and a damages class under Rules 23(b)(2) and 23(b)(3). As noted, Defendants do not dispute that Plaintiffs meet the Rule 23 requirements for class certification.

### 1. Rule 23(a) Prerequisites

#### (i) Numerosity

Plaintiffs' proposed class includes more than 1000 members, a number that would make joinder very inefficient and impracticable, and which satisfies the numerosity requirement.

#### (ii) Commonality

Plaintiffs argue, and Defendants do not dispute, that every factual and legal issue necessary to the entry of judgment is common to the proposed class, thus satisfying the commonality of questions of law or fact requirement.

#### (iii) Typicality

The typicality requirement is satisfied if the claims of the representative parties are "reasonably coextensive with those of the absent class members." *Staton*, 327 F.3d at

957 (quotation omitted). The proposed class representatives are beneficial owners of the land that was subject to the easement, and their claims for nuisance, trespass, and unjust enrichment are nearly identical to those of the members of the proposed class, thus satisfying the typicality requirement.

#### (iv) Adequacy of Representation

The adequacy of representation requirement is satisfied if the representative parties are able to "fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). The interests of the class representatives in this case are identical to the interests of the proposed class. The representatives, like the class, are all beneficial owners of land who have not been compensated since the United States' easement allegedly expired. The representatives were also elected by vote of the allottees affected by the Easement. The Court finds Plaintiffs meet the adequacy requirement.

### 2. Class Certification Under Rules 23(b)(2) and 23(b)(3)

#### (i) Injunctive Relief Class Under Rule 23(b)(2)

A class action may be maintained under Fed.R.Civ.P. 23(b)(2) if: "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate to the class as a whole." Plaintiffs define the injunctive relief class as consisting of all persons and entities who are currently beneficial owners of land that was subject to the Easement. Plaintiffs allege Defendants have acted wrongfully in a uniform matter toward all members of this class, in that they are trespassing on their land by maintaining and operating electric transmission lines. Injunctive relief would therefore be appropriate to the class as a whole, and they qualify as a class under Rule 23(b)(2).

#### (ii) Damages Class Under 23(b)(3)

To qualify for certification under this subsection, "common questions 'must predomi-

Ninth Circuit's holding in *Warren* and will not be followed by this Court.

nate over any question affecting only individual members,' and class resolution must be 'superior to other available methods for the fair and efficient adjudication of the controversy.' " *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir.1998) (quoting Fed. R.Civ.P. 23(b)(3)). This test is met when there is a "common nucleus of fact" and a "fair examination of alternatives" points to a class action as being the "preferred procedure" for resolving the parties' differences. *Id.* at 1023.

Plaintiffs define the damages class as consisting of all persons and entities who, from May 29, 2000 to the present, beneficially owned land that was subject to the Easement. The basic legal question presented by this class—whether Defendants are trespassing on Plaintiffs' land because their easement expired—is the same for all members of the class. Though the amount of damages allegedly suffered by each Plaintiff varies, their claims all share a distinct common nucleus of fact. Given that their legal and factual claims are effectively identical, a class action is a superior and more efficient method of resolving their claims. The alternative to a class action—individual claims by each detainee—would "unnecessarily burden the judiciary" and likely "prove uneconomic for potential plaintiffs." *Hanlon*, 150 F.3d at 1023. Plaintiffs have established that a class action under Federal Rule of Civil Procedure 23(b)(3) is appropriate.

## II. Motion to Appoint Class Counsel

Federal Rule of Civil Procedure 23(g) requires "a court that certifies a class must appoint class counsel." Plaintiffs move to appoint the law firms of Kilpatrick Stockton, L.L.P. and Osborn Maledon, P.A. as counsel for the proposed classes. Plaintiffs submitted evidence establishing that these firms are very qualified for this type of litigation. Defendants do not present any opposition to this request. Accordingly, Plaintiffs' current counsel will be appointed class counsel.

Accordingly,

**IT IS ORDERED** Plaintiffs' Motion for Class Certification (Doc. 54) **IS GRANTED.**

**FURTHER ORDERED** Plaintiffs' Motion to Appoint Class Counsel (Doc. 56) **IS GRANTED.**