**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 2 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-16779 |
| Plaintiff - Appellee, | D.C. No. 2:10-cv-01198-KJD-VCF |
| v. | |
| JOHN B. NELSON, | MEMORANDUM[*] |
| Defendant - Appellant, | |
| and | |
| ROBERT DAVID KAHRE; RICHARD W. WELLMAN, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted January 21, 2015[**]

Before:    CANBY, GOULD, and N.R. SMITH, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

John B. Nelson appeals pro se from the district court's summary judgment in the government's action for trespass seeking to eject Nelson and others from a mill site on federal land and to require them to complete reclamation or pay the cost of reclamation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's summary judgment, *United States v. Milner*, 583 F.3d 1174, 1182 (9th Cir. 2009), and its dismissal of defendants' counterclaims for lack of subject matter jurisdiction, *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). We affirm.

The district court properly granted summary judgment on the government's trespass claim because Nelson failed to raise a genuine dispute of material fact as to whether he continued to occupy the mill site after the expiration of the notice of operations, and whether the United States was the owner of the property. *See* 43 U.S.C. § 1733(g) ("The use, occupancy, or development of any portion of the public lands contrary to any regulation of the Secretary or other responsible authority, or contrary to any order issued pursuant to any such regulation, is unlawful and prohibited."); 43 C.F.R. § 2808.10(a) (defining trespass). Contrary to Nelson's contentions, the district court properly enjoined further use of the property and ordered defendants to complete reclamation or pay the cost of such reclamation. *See* 43 C.F.R. §§ 2808.11(a)(3), 3809.335 (discussing liability for

trespass and post-expiration notice obligations, including reclamation).

The district court properly determined that it lacked subject matter jurisdiction over Nelson's "restraint of trade" and "fraud" counterclaims because Nelson did not exhaust administrative remedies. *See Cadwalder v. United States*, 45 F.3d 297, 300-01 (9th Cir. 1995) (explaining exhaustion requirements for tort claims against the United States).

The district court properly dismissed Nelson's counterclaim alleging a taking in violation of the Fifth Amendment because Nelson sought over $10,000 in damages and did not show that any statute waived sovereign immunity with respect to the claim. *See McGuire v. United States*, 550 F.3d 903, 910-11 (9th Cir. 2008) (Court of Federal Claims has exclusive jurisdiction over takings claims seeking over $10,000 in damages absent an independent waiver of sovereign immunity and grant of federal district court jurisdiction).

The district court did not abuse its discretion in denying Nelson's recusal motion because Nelson failed to show that the district judge's impartiality might reasonably be questioned. *See Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 714 (9th Cir. 1990) (standard of review and grounds for recusal).

We reject Nelson's contentions that the government admitted the allegations of the counterclaims, that the counterclaims should be construed as alleged against

foreign entities, and that the district court failed to permit adequate discovery or violated due process in its consideration of defendants' affirmative defenses.

We do not consider matters raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**