NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 24 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN KENNER; KATHLEEN KENNER, | No. 12-56358 |
| Plaintiffs-Appellants, | D.C. No. 3:11-cv-02520-BEN-BGS |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted April 11, 2017**

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Brian and Kathleen Kenner appeal pro se from the district court's judgment

dismissing their action alleging federal and state law claims relating to the Internal

Revenue Service's collection actions. We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo. *Rundgren v. Wash. Mut. Bank, FA*, 760 F.3d 1056,

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1059-60 (9th Cir. 2014) (subject matter jurisdiction); *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Sadoski v. Mosley*, 435 F.3d 1076, 1077 n.1 (9th Cir. 2006) (judicial immunity). We affirm.

The district court properly substituted the United States as a party for the individual IRS employees because the Kenners did not adequately challenge the 28 U.S.C. § 2679(d) certification before the district court. *See Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993) (the party challenging the Attorney General's decision regarding scope of employment certification bears the burden of presenting evidence and disproving that decision by a preponderance of the evidence).

The district court properly dismissed the claims against the United States for lack of subject matter jurisdiction because the Kenners failed to exhaust their administrative remedies. *See Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995) (presenting an administrative claim is a jurisdictional prerequisite to filing an action under the Federal Tort Claims Act).

The district court properly dismissed the Kenners' claims against Judge Moskowitz and Judge Battaglia on the basis of judicial immunity because the challenged actions were taken in their judicial capacity. *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (judges are absolutely immune from liability for acts performed in their official capacities); *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996) (judicial immunity extends to declaratory and other

12-56358

equitable relief), *superseded by statute on other grounds*.

The district court properly dismissed the Kenners' claims against defendant Capital One, N.A. because the Kenners failed to allege facts sufficient to state a plausible claim for relief. *See Hebbe*, 627 F.3d at 341-42 (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Doe v. State*, 214 Cal. Rptr. 3d 391, 399-40 (Cal. Ct. App. 2017) (elements of a cause of action under the California Bane Act).

The district court did not abuse its discretion by dismissing the Kenners' complaint without leave to amend because amendment would be futile. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (dismissal of a pro se complaint without leave to amend is proper "if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment" (citation and internal quotation marks omitted)); *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725 (9th Cir. 2000) (standard of review).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The Kenners' motion for judicial notice (Docket Entry No. 28) is denied.

**AFFIRMED.**

12-56358